David A. Carroll, Esq. (NSB #7643)
dcarroll@rrsc-law.com
Anthony J. DiRaimondo, Esq. (NSB #10875)
adiraimondo@rrsc-law.com
Robert E. Opdyke, Esq. (NSB #12841)
ropdyke@rrsc-law.com
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110
*Attorneys for Defendant Jerritt Canyon Gold LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA SELECT ROYALTY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JERRITT CANYON GOLD LLC, <br><br> Defendant. <br><br> JERRITT CANYON GOLD LLC, <br><br> Counter-claimant, <br><br> vs. <br><br> NEVADA SELECT ROYALTY, INC., and NOUHGT TECHNOLOGIES, LLC, <br><br> Counter-defendants. | Case No. <br><br> **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1295(a), 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1367, 28 U.S.C. § 1441(a), 28 U.S.C. § 1446, and 28 U.S.C. § 1454, Defendant/Counter-claimant Jerritt Canyon Gold LLC ("Defendant") hereby provides notice of removal of the state court action *Nevada Select Royalty, Inc. v. Jerritt Canyon Gold LLC*, Nevada Fourth Judicial District Court Case No. DC-CV-22-80, to the United States District Court for the District of Nevada, Reno

1

Division. Removal is appropriate under the Leahy-Smith America Invents Act ("AIA") of 2011, Pub L. 112-29, 125 Stat. 284. In support of removal, Defendant states as follows:

1.  Plaintiff filed its Complaint in Nevada state court based on Defendant's alleged use of a United States Patent in mining operations. *See Complaint* at ¶¶ 3, 12-16, 24. Specifically, Plaintiff claims that it was assigned the royalties from a license agreement for the exclusive use of United States Patent No. 8,877,148 purportedly assigned to NouHgt Technologies, LLC, and that Defendant has ceased paying royalties under the license. Id. Copies of the Summons and Complaint are attached hereto as "**Exhibit A**."

2.  Defendant has filed an Answer and Counterclaims in the Nevada state court action including counterclaims based on patent non-infringement, patent invalidity, and patent misuse. Defendant has not yet received a conformed copy of its Answer and Counterclaims, but has attached a true and correct copy of the filed document hereto as "**Exhibit B**." Defendant will supplement the file in this federal action with a conformed copy of its Answer and Counterclaims as soon as it is received from the Nevada state court.

3.  Federal district courts possess "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

4.  Pursuant to the AIA, 28 U.S.C. § 1338(a), the federal district courts "have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." Moreover, "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." Id.

5.  Also under the AIA, 28 U.S.C. § 1454(a), "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." See also 28 U.S.C. § 1441(a) ("Except as

otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

6. Further under the AIA, the United States Court of Appeals for the Federal Circuit has been granted "exclusive jurisdiction" over an appeal from "any civil action in which a party has asserted a compulsory counterclaim arising under, any Act of Congress relating to patents or plant variety protection." 28 U.S.C. § 1295(a).

7. In sum, the AIA was "intended to provide federal courts . . . with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent laws <u>even</u> when asserted in counterclaims, rather than in an original complaint. At the same time, the changes to § 1338 expressly remove such claims from the ambit of state court jurisdiction." <u>Vermont v. MPHJ Tech. Invs., LLC</u>, 803 F.3d 635, 644 (Fed. Cir. 2015) (emphasis in original).

8. Claims for patent invalidity qualify as compulsory counterclaims in response to a claim arising under patent law. <u>In re Rearden LLC</u>, 841 F.3d 1327, 1331 (Fed. Cir. 2016).

9. Under 28 U.S.C. § 1367(a), federal district courts may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

10. Plaintiff's claims, while styled as contract claims, necessarily arise under the federal patent that formed the basis of the pertinent contractual dealings and assignment thereof. In addition, the Amended License Agreement which forms the primary basis for Plaintiff's claims, stated that the parties consented to exclusive jurisdiction in the federal courts located in Nevada. Moreover, Defendant's compulsory counterclaims demonstrate that this matter cannot be adjudicated without evaluation and determination of the patent.

3

11.     The Nevada state courts expressly lack jurisdiction to adjudicate the claims and counterclaims under 28 U.S.C. § 1338.

12.     Instead, original and exclusive jurisdiction over such claims and counterclaims lies within the United States District Courts. Id.

13.     Defendant received the Summons and Complaint on August 16, 2022.

14.     As of the date of this filing, no pleadings, motions, or papers other than the Summons, Complaint, and Answer have been filed in the state court civil action.

15.     Defendant has hereby satisfied the requirement of filing "in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant." See 28 U.S.C. § 1446(a).

16.     Defendant's Notice of Removal is timely filed within 30 days after receipt of the initial Complaint per 28 U.S.C. § 1446(b); in addition, 28 U.S.C. § 1454(b)(2) allows extension of these time limits for removal of patent cases "at any time for cause shown."

17.     Per 28 U.S.C. § 1446(d), a copy of this Notice of Removal, together with all exhibits, is being promptly filed in the Nevada Fourth Judicial District Court.

///

///

///

///

///

///

///

///

///

4

WHEREFORE, Defendant gives notice that the above-referenced action, *Nevada Select Royalty, Inc. v. Jerritt Canyon Gold LLC*, Nevada Fourth Judicial District Court Case No. DC-CV-22-80, is hereby removed to the United States District Court for the District of Nevada, Reno Division, pursuant to the federal statutes and authorities cited herein, and Defendant requests that this Court retain jurisdiction for all further proceedings in this matter.

DATED this 15th day of September, 2022.

**RICE REUTHER SULLIVAN & CARROLL, LLP**

By: /s/ Robert E. Opdyke
David A. Carroll, Esq. (NSB #7643)
Anthony J. DiRaimondo, Esq. (NSB #10875)
Robert E. Opdyke, Esq. (NSB #12841)
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
*Attorneys for Defendant Jerritt Canyon Gold LLC*

**INDEX OF EXHIBITS**

| Exhibit | Description |
| --- | --- |
| A | Summons and Complaint |
| B | Answer and Counterclaims |

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September 2022, I authorized the electronic filing of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email address(es) denoted on the attached Electronic Mail Notice List as follows:

Laura K. Granier, Esq. (NBS #7357)
Jessica L. Freitas, Esq. (NBS #16079)
HOLLAND & HART, LLP
5441 Kietzke Lane, Suite 200
Second Floor
Reno, NV 89511-2094
Tel: (775) 327-3000
Fax: (775) 786-6179
lkgranier@hollandhart.com
jlfreitas@hollandhart.com

*Attorneys for Nevada Select Royalty, Inc.*

/s/ Robert E. Opdyke
An Employee of Rice Reuther Sullivan & Carroll, LLP