# EXHIBIT "A"

ORIGINAL

Case No. DC-CV-22-80
Dept. No. 1

IN THE FOURTH JUDICIAL DISTRICT OF THE
STATE OF NEVADA, IN AND FOR THE COUNTY OF ELKO

NEVADA SELECT ROYALTY,
INC,

       Plaintiff,

vs.

JERRITT CANYON GOLD, LLC,

       Defendant.

**SUMMONS**

TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.

A civil complaint has been filed by the plaintiff against you for the relief as set forth in that document (see complaint).

1. If you intend to defend this lawsuit, you must do the following within 20 days after service of this summons, exclusive of the date of service:

    a. File with the Clerk of Court, whose address is shown below, a formal written answer to the complaint, along with the appropriate filing fees, in accordance with the rules of the Court, and,

    b. Serve a copy of your answer upon the attorney or plaintiff whose name and address is shown below.

2. Unless you respond, a default will be entered upon application of the plaintiff, and the Court may enter a judgment against you for the relief demanded in the complaint. When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedures, Rule 4,(b).

DATED this _1_ day of _August_, 20_22_.

Issued on behalf of plaintiff or plaintiff's attorney
Name:     Laura K. Granier, Holland & Hart, LLP
Address:   5441 Kietzke Lane, Second Floor
          Reno, NV 89511
Phone Number: (775)327-3000

KRISTINE JAKEMAN, CLERK OF COURT

By _Rebecca Renkist_
Deputy Clerk

Fourth Judicial District Court Clerk
550 Court St., 3rd Floor
Elko, Nevada 89801

| | |
|---|---|
| STATE OF _____ )<br>)ss.<br>COUNTY OF _____ ) | **AFFIDAVIT OF SERVICE** |

_____, being first duly sworn, deposes and says: That the affiant is a citizen of the United States, over 18 years of age, and that said affiant received the Summons on the _____ day of _____, 20_____, and personally served _____ the within named defendant, on the _____ day of _____, 20_____, in _____ County of _____, by delivering a copy of the Summons attached to a copy of the Complaint.

_____
Signature of Person Making Service

Subscribed and sworn to before me this
_____ day of _____, 20____

_____
Notary Public

| | |
|---|---|
| STATE OF _____ )<br>)ss.<br>COUNTY OF _____ ) | **NEVADA SHERIFF'S RETURN**<br>(For Use of Sheriff of Elko County) |

I hereby certify and return that I received the within Summons on the _____ day of _____, 20____, and personally served the same upon _____, the within named defendant, on the _____ day of _____, 20____, by delivering to the said defendant, personally, in Elko County, State of Nevada, a copy of the Summons attached to the copy of the Complaint.

Sheriff of Elko County, Nevada

Date:_____   By_____Deputy

| | |
|---|---|
| STATE OF _____ )<br>)ss.<br>COUNTY OF _____ ) | **AFFIDAVIT OF MAILING**<br>(For Use When Service is By Publication & Mailing) |

_____, being first duly sworn, deposes and says: That on the _____ day of _____, 20____, affiant deposited in the United States mail at Elko, Nevada, a copy of the Summons and Complaint addressed to:

_____

_____;

Subscribed and sworn to before me this
_____ day of _____, 20____

_____
Notary Public

Note: If service is made in any manner by NRCP Rule 4, other than personally upon the defendant, or is made outside the United States, a special affidavit or return must be made.

CASE NO. DC CV22-80

DEPT. NO. 1

FILED
2022 AUG 21 AM 9:50
4TH JUDICIAL DISTRICT COURT
CLERK

# IN THE FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
# IN AND FOR THE COUNTY OF ELKO

Nevada Select Royalty, Inc.,

    Plaintiffs,

v.

Jerritt Canyon Gold, LLC,

    Defendant.

**COMPLAINT**

## COMPLAINT

Plaintiff Nevada Select Royalty, Inc. by and through the undersigned counsel of record, hereby complains and alleges as follows:

### NATURE OF THE ACTION

1. This action arises from Defendant Jerritt Canyon Gold, LLC's ("Jerritt") failure to pay contractually-agreed upon royalties to Plaintiff Nevada Select Royalty, Inc. ("Nevada Select").

2. Jerritt licensed the exclusive use of United States Patent No. 8,877,148 (the "Patent") from NouHgt Technologies, LLC, a Nevada limited liability company ("NouHgt"), for use in Jerritt's mining operations at the Jerritt Canyon Mine in Elko County, NV through a license agreement signed on May 19, 2015 (the "Contract").

3. NouHgt signed an Assignment of Royalty Payments Agreement ("Assignment") on August 19, 2019, assigning its right to receive the balance of royalty payments owed to it by Jerritt under the Contract and all future royalty payments under the Contract to Nevada Select.

4. Pursuant to the Assignment, Jerritt signed an Acknowledgment and Consent to the Assignment of Royalty Payments Agreement ("Acknowledgment"), confirming that Jerritt would make subsequent royalty payments under the Contract to Nevada Select.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

1

5. On January 7, 2022, Jerritt sent a letter to Nevada Select purporting to unilaterally terminate the May 19, 2015 agreement in violation of the agreement's terms and ceased paying royalties to Nevada Select, in violation of the Assignment and the Acknowledgment.

6. Jerritt's failure to make contractually-agreed upon royalty payments to Nevada Select constituted a breach of contract that forced Nevada Select to retain the services of Holland & Hart, LLP, to pursue its remedies.

## PARTIES

7. Plaintiff Nevada Select is a Nevada corporation conducting business in Washoe County, Nevada.

8. Defendant Jerritt is a Nevada limited liability company conducting business in Elko County, Nevada.

## JURISDICTION

9. This Court has jurisdiction over this action because it is an action arising on contract for the recovery of money in excess of $15,000.00. Nev. Const. art VI, § 6, cl. 1; NRS 4.370(1)(a).

10. Venue is proper in this Court under NRS 13.010 because this action concerns a contract executed and performed in Elko County concerning real property located in Elko County.

11. Jerritt and Nevada Select signed the Acknowledgment, a contract that Jerritt breached in its failure to make royalty payments, which specifies in Section 7 that "[t]he Fourth Judicial District Court in and for the County of Elko, State of Nevada shall have jurisdiction and venue over any disputes arising hereunder."

## GENERAL ALLEGATIONS

### *Licensing the Patent*

12. NouHgt is the owner of certain inventions relating to the removal of mercury from gasses and/or liquids as disclosed in the Patent issued November 4, 2014.

13. On May 31, 2011 NouHgt entered into a License Agreement ("First Agreement") with Veris Gold Corp. ("Veris"), a corporation organized and existing under the laws of British Columbia, Canada, licensing Veris's use of the Patent.

2

14. Veris was deficient in certain payments under the First Agreement and subsequently entered into an Amended License Agreement ("Amended Agreement") with NouHgt on May 19, 2015, terminating the First Agreement and granting Veris a perpetual license to use the Patent at the Jerritt Canyon Mine, a gold treatment plant in Elko County, Nevada, USA.

15. Pursuant to the Amended Agreement, Veris agreed to pay NouHgt a per ton royalty on throughput produced by the Jerritt Canyon Mine beginning on July 1, 2015, and the first day of each successive month thereafter.

16. Jerritt is the successor in interest to Veris and is currently using the Patent in its operations at the Jerritt Canyon Mine.

17. Under Section 10, the Amended Agreement only terminates "(a) At such time as the Parties mutually agree in writing; or (b) At any time at the option of either Party, if the other Party materially defaults in the performance or observance of any of its obligations and fails to remedy the default within thirty (30) days after receiving a written demand to do so from the Party who is not in default."

### *Assigning Right to Receive Royalty Payments*

18. NouHgt subsequently entered into an Assignment with Nevada Select on August 19, 2019.

19. In the Assignment, NouHgt assigned to Nevada Select the right to receive delinquent royalty payments owed by Jerritt to NouHgt and all subsequent royalty payments due from Jerritt to NouHgt under the Amended Agreement.

20. At that time NouHgt and Nevada Select entered into the Assignment, the Amended Agreement with Jerritt was in full force and effect.

21. The Assignment explicitly stated that it included a covenant of good faith and fair dealing.

22. Jerritt correspondingly entered into an Acknowledgment of the Assignment of rights between NouHgt and Nevada Select on August 19, 2019, acknowledging that Jerritt would thereafter pay the balance of payments it owed to NouHgt and all future royalties directly to Nevada Select.

3

23. The Acknowledgment explicitly stated that it included a covenant of good faith and fair dealing and included the Assignment as Exhibit "A."

### *Jerritt Breaches the Amended Agreement*

24. On January 7, 2022, Jerritt sent Nevada Select a letter through its parent company, Gold Royalty Corp., explaining that Jerritt believed that it no longer utilized a method that infringes on the Patent in its mining operations. Purportedly based on that belief, Jerritt allegedly unilaterally terminated the Amended Agreement in the January 7, 2022 letter, stating it would no longer make the royalty payments as described in its Acknowledgment, the Assignment, and the Amended Agreement.

25. On January 18, 2022, counsel for Nevada Select responded via letter to Jerritt, explaining that the Amended Agreement does not contain a provision allowing a party to unilaterally terminate the Agreement unless the other party is in default.

26. As Nevada Select was not in default, Jerritt's attempt to unilaterally terminate the Amended Agreement was a breach of contract without basis in any contractual provision of the Amended Agreement. Under Section 10 of the Amended Agreement, the parties had not "mutually agreed in writing" to terminate the agreement, nor had Nevada Select materially defaulted such that Jerritt could terminate the Amended Agreement.

27. Jerritt has not made the required royalty payments under the Amended Agreement and Acknowledgment since at least January 7, 2022, and is in default of the Assignment, the Amended Agreement, and Jerritt's Acknowledgment.

28. As a result of Jerritt's conduct, Nevada Select has been forced to retain the services of Holland & Hart and has incurred and will continue to incur attorney's fees and costs for which Nevada Select may be entitled to be compensated.

29. The Assignment states in Section 9(b) that "[i]n the event that any party to the Assignment commences legal action in order to enforce the terms hereof, the prevailing party shall be entitled to an award of reasonable attorney fees and costs," and Jerritt signed the Acknowledgment which stated that Jerritt "acknowledges and consents to the Assignment."

//

4

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

30. Nevada Select realleges paragraphs 1 through 29 as though fully set forth herein.

31. Nevada Select entered into the aforementioned valid and binding Assignment with NouHgt, whereby it was assigned the rights of NouHgt under the Amended Agreement and became entitled to receive the royalty payments due from Jerritt to NouHgt under the Amended Agreement.

32. Jerritt signed an Acknowledgment stating that Jerritt owed royalty payments to Nevada Select under the Assignment and promising to make those payments to Nevada Select.

33. Nevada Select performed all of its obligations required of it under the Assignment.

34. Jerritt breached the obligations it owed under the Assignment and Acknowledgement by failing to render royalty payments due to Nevada Select.

35. As a result of the Jerritt's breach, Nevada Select suffered damages in a sum that is in excess of $10,000.00 to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Breach of the Covenant of Good Faith and Fair Dealing)

36. Nevada Select realleges paragraphs 1 through 29 as though stated fully herein.

37. Implied in every contract is a covenant of good faith and fair dealing.

38. Jerritt is the successor in interest to Veris, which signed the Amended Agreement with NouHgt agreeing that Veris would make royalty payments in exchange for use of the Patent.

39. Jerritt signed an Acknowledgment of the Assignment of the right to receive royalty payments from NouHgt to Nevada Select, which explicitly stated in paragraph 5 of the Acknowledgment that the "Acknowledgment contain[ed] … the covenant of good faith and fair dealing."

40. Nevada Select has fully satisfied all obligations under the Assignment and the Amended Agreement, and has acted in good faith, and has dealt fairly with Jerritt.

41. Nevada Select has a reasonable and good faith expectation that Jerritt would act in good faith in performing its duties under the Agreement based on Jerritt's signature on the Acknowledgment.

5

42. Subsequent to Jerritt's execution of the Acknowledgment, Jerritt breached the implied covenant of good faith and fair dealing within the Amended Agreement and the express covenant of good faith and fair dealing within the Acknowledgment by failing to render royalty payments due to Nevada Select as promised in the Amended Agreement, the Assignment, and the Acknowledgement.

43. As a result, Nevada Select's reasonable expectations under the Assignment, the Amended Agreement and the Acknowledgement have been denied.

44. As a further result of Jerritt's breach of the implied covenant of good faith and fair dealing, Gold Royalty and Nevada Select have been damaged in an amount in excess of $10,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Nevada Select prays for relief as follows:

A. For judgment in favor of Nevada Select against Jerritt in an amount to be determined at trial;

B. For an award of attorney's fees and cost of suit; and

C. For such other and further relief as the Court may deem just and proper.

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the proceeding document and attached exhibits, if any, do not contain the social security number or personal information of any person.

DATED this 28th day of July, 2022

HOLLAND & HART, LLP

*Laura K. Granier* (signature)

Laura K. Granier (Nevada Bar No. 7357)
Jessica L. Freitas (Nevada Bar No. 16079)
5441 Kietzke Lane, Ste 200
Reno, NV 89511-2094
Phone: 775.327.3000
Fax: 775.786.6179
lkgranier@hollandhart.com
jlfreitas@hollandhart.com
*Attorneys for Nevada Select Royalty, Inc.*