# EXHIBIT "B"

David A. Carroll, Esq. (NSB #7643)
dcarroll@rrsc-law.com
Anthony J. DiRaimondo, Esq. (NSB #10875)
adiraimondo@rrsc-law.com
Robert E. Opdyke, Esq. (NSB #12841)
ropdyke@rrsc-law.com
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110
Attorney for Defendant,
Jerritt Canyon Gold LLC

IN THE FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
IN AND FOR THE COUNTY OF ELKO

Nevada Select Royalty, Inc.,

    Plaintiff/Counter-Defendant,

vs.

Jerritt Canyon Gold LLC,

    Defendant/Counter-Claimant.

Case No.: DC-CV-22-80

**DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**

*DEMAND FOR JURY TRIAL*

**Counterclaims**

Jerritt Canyon Gold LLC, a Nevada LLC,

    Defendant/Counter-Claimant.

vs.

Nevada Select Royalty, Inc.,
    Plaintiff/Counter-Defendant, and

NouHgt Technologies, LLC, a Nevada LLC,
    Counter-Defendant,

Defendant's Answer to Complaint and Counterclaims - 1

Defendant Jerritt Canyon Gold LLC ("JERRITT CANYON" or "Defendant"), by and through their attorney of record, hereby responds to Plaintiff's Complaint as follows, and further submits its Counterclaims, also as set forth below:

## ANSWER

1. JERRITT CANYON admits that this action is pled to be a contract dispute between Plaintiff and Defendant, but denies it owes and/or has failed to pay contractually agreed royalties to Plaintiff.

2. JERRITT CANYON admits it is successor-in-interest to a party to an agreement for an exclusive license (the "First License") to United States Patent No. 8,877,148 (the "Patent") from the purported owner thereof, originally made in approximately 2011, for use at JERRITT CANYON's mine in Elko County, Nevada; and JERRITT CANYON further admits that it is successor-in-interest to a party to an Amended License Agreement (the "Amended Agreement") to the Patent made in 2015. JERRITT CANYON asserts that the "First License" and the "Amended Agreement" speak for themselves. JERRITT CANYON denies the remainder of Paragraph 2.

3. JERRITT CANYON admits that NouHgt Technologies, LLC ("NOUHGT") entered an Assignment of Royalty Payments Agreement (the "Assignment") in 2019, and asserts that the language of the Assignment relates to payments under the Amended Agreement, and further asserts that the Assignment speaks for itself. JERRITT CANYON denies the remainder of Paragraph 3.

4. JERRITT CANYON admits signing an Acknowledgment and Consent to the Assignment (the "Acknowledgment"), and further asserts that the language of the Acknowledgment speaks for itself.

5. JERRITT CANYON admits sending a letter to NOUHGT and Gold Royalty Corp. terminating the Amended Agreement, asserting it is no longer obligated to make any payments thereunder. JERRITT CANYON denies the remainder of Paragraph 5 and further

Defendant's Answer to Complaint and Counterclaims - 2

denies violating the terms of the Amended Agreement, the Assignment (to which it is not a party) and the Acknowledgment.

6. JERRITT CANYON admits that Nevada Select Royalty, Inc. ("Nevada Select") has retained the legal services of Holland & Hart, but denies the remainder of Paragraph 6.

## PARTIES

7. JERRITT CANYON is without knowledge or information sufficient to form a belief as to the truth of Paragraph 7 to admit or deny Paragraph 7, and therefore denies Paragraph 7 of Plaintiff's Complaint.

8. JERRITT CANYON admits that it is a Nevada LLC which conducts some business in Elko County, Nevada.

## JURISDICTION

9. JERRITT CANYON admits that Plaintiff's Complaint purports to be an action arising on contract and further admits that the amount in controversy appears to be in excess of $15,000. However, JERRITT CANYON further avers that the primary contract claim is the Amended Agreement which provides at paragraph 13: "*. . . and the Parties consent to exclusive jurisdiction in the federal court located in Nevada, U.S.A.*" JERRITT CANYON therefore submits that there are questions regarding jurisdiction.

10. JERRITT CANYON admits that Plaintiff's Complaint concerns a contract regarding the license and/or use of the Patent in Elko County. However, JERRITT CANYON further avers that the primary contract claim is the Amended Agreement which provides at paragraph 13: "*. . . and the Parties consent to exclusive jurisdiction in the federal court located in Nevada, U.S.A.*"

11. JERRITT CANYON admits having signed the Acknowledgment and asserts that the language of the Acknowledgment speaks for itself. JERRITT CANYON further avers that the underlying contract claim is for alleged royalties owed under the Amended Agreement and not the Acknowledgment, and JERRITT CANYON denies breaching the Acknowledgment and

Defendant's Answer to Complaint and Counterclaims - 3

the Amended Agreement. JERRITT CANYON further denies that Section 7 of the Acknowledgment applies to this dispute.

## GENERAL ALLEGATIONS

### Licensing the Patent

12. JERRITT CANYON is without knowledge or information sufficient to form a belief as to the truth of Paragraph 12 to admit or deny Paragraph 12, and therefore denies Paragraph 12 of Plaintiff's Complaint.

13. JERRITT CANYON is without knowledge or information sufficient to form a belief as to the truth of Paragraph 13 to admit or deny Paragraph 13, and therefore denies Paragraph 13 of Plaintiff's Complaint.

14. JERRITT CANYON is without knowledge or information sufficient to form a belief as to the truth of Paragraph 14 to admit or deny Paragraph 14, and therefore denies Paragraph 14 of Plaintiff's Complaint.

15. JERRITT CANYON asserts that the language of the Amended Agreement speaks for itself.

16. JERRITT CANYON admits being a successor in interest to Veris Gold Corp. ("Veris"), but denies the remainder of Paragraph 16.

17. JERRITT CANYON asserts that the Amended Agreement speaks for itself. JERRITT CANYON further asserts it has no further or ongoing obligations to pay royalties under the Amended Agreement.

### Assigning Right to Receive Royalty Payments

18. JERRITT CANYON acknowledges that an Assignment was entered in 2019.

19. JERRITT CANYON asserts that the language of the Assignment speaks for itself and denies any remainder of Paragraph 19 to the extent it is inconsistent with the language of the Assignment and to the extent it inaccurately portrays the Assignment.

20. JERRITT CANYON asserts that the language of the Assignment and the status of the License Agreement speak for themselves.

Defendant's Answer to Complaint and Counterclaims - 4

21. JERRITT CANYON asserts that the language of the Assignment speaks for itself.

22. JERRITT CANYON admits it entered an Acknowledgment in 2019, and asserts that the language of the Acknowledgment speaks for itself and the obligations thereunder.

23. JERRITT CANYON asserts that the language of the Acknowledgment and the obligations of each party thereunder, speaks for itself.

### Jerritt Breaches the Amended Agreement

24. JERRITT CANYON admits sending a January 2022 letter to NOUHGT and Gold Royalty Corp. explaining it is no longer using the licensed Patent and asserting that it is no longer therefore required to make any royalty payments under the Amended Agreement, or other agreements. Otherwise, JERRITT CANYON asserts that the language of the January 2022 letter speaks for itself.

25. JERRITT CANYON admits that counsel for Nevada Select responded in January 2022, and asserts that the language of that letter speaks for itself.

26. JERRITT CANYON denies Paragraph 26 of Plaintiff's Complaint.

27. JERRITT CANYON denies Paragraph 27, although it acknowledges it ceased making royalty payments as it was no longer obligated to under the Amended Agreement or other documents.

28. JERRITT CANYON denies Paragraph 28 but acknowledges Nevada Select has retained counsel in this matter.

29. JERRITT CANYON asserts that the language of the Assignment speaks for itself, that it is not a party to the Assignment, denies that Section 9 applies to this underlying dispute because this dispute (and the requirement to pay royalties) is centered in the Amended Agreement and not in the Assignment.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract)

30. JERRITT CANYON re-alleges its responses and answers to paragraphs 1 through 29 as though fully set forth herein.

Defendant's Answer to Complaint and Counterclaims - 5

31. JERRITT CANYON asserts that the language of the Assignment referenced in Paragraph 31 speaks for itself.

32. JERRITT CANYON acknowledges signing an Acknowledgment, but asserts that the language of the Acknowledgment speaks for itself. JERRITT CANYON further asserts it is not obligated to pay the amounts alleged due and owing by the Plaintiff in this matter.

33. JERRITT CANYON is without knowledge sufficient to admit or deny all the allegations and implications of Paragraph 33, and therefore denies Paragraph 33 of Plaintiff's Complaint.

34. JERRITT CANYON denies Paragraph 34 of Plaintiff's Complaint.

35. JERRITT CANYON denies Paragraph 35 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

### (Breach of the Covenant of Good Faith and Fair Dealing)

36. JERRITT CANYON re-alleges its responses and answers to paragraphs 1 through 29 as though fully set forth herein.

37. JERRITT CANYON acknowledges that contracts include a covenant of good faith and fair dealing, and denies that JERRITT CANYON has breached any such covenant.

38. JERRITT CANYON acknowledges being a successor in interest to Veris in the Amended Agreement, which tied making royalty payments to the use of the Patent.

39. JERRITT CANYON admits signing an Acknowledgment of the Assignment, and further asserts that the language of the Acknowledgment and the Assignment speak for themselves.

40. JERRITT CANYON is without knowledge sufficient to admit or deny all the allegations and implications of Paragraph 40, and therefore denies Paragraph 40 of Plaintiff's Complaint.

41. JERRITT CANYON is without knowledge sufficient to admit or deny Nevada Selects expectations, and JERRITT CANYON further asserts and alleges that it at all times has

Defendant's Answer to Complaint and Counterclaims - 6

exercised good faith in the performance of its duties under the Amended Agreement and the Acknowledgment.

42. JERRITT CANYON denies Paragraph 42 of Plaintiff's Complaint.

43. JERRITT CANYON is without knowledge sufficient to admit or deny Nevada Select's expectations and does not understand the remainder of Paragraph 43 and therefore denies Paragraph 43 of Plaintiff's Complaint.

44. JERRITT CANYON denies Paragraph 44 of Plaintiff's Complaint.

## DEFENSES REQUEST AND PRAYER FOR RELIEF

Having fully answered Plaintiff's Complaint, Defendant JERRITT CANYON prays and requests that the Court:

1. Dismiss Plaintiff's Complaint with prejudice and without recovery, and further without any of the relief requested;
2. Award Defendant JERRITT CANYON's costs and attorney fees incurred herein; and
3. Enter an order granting such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES AND PRAYER

Having fully answered Plaintiff's Complaint, Defendant JERRITT CANYON avers the defenses and Affirmative Defenses set forth below. Defendant JERRITT CANYON does not admit, in asserting any defense, any responsibility or liability but, to the contrary, specifically denies any and all allegations of responsibility and liability alleged in Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

46. Plaintiff's contract claims are rights that are derivative and dependent upon the rights under the Amended Agreement. Plaintiff has failed to join a real party in interest under the Amended Agreement, namely failed to join NOUHGT.

Defendant's Answer to Complaint and Counterclaims - 7

**THIRD AFFIRMATIVE DEFENSE**

47. Plaintiff's Complaint fails to identify any aspects of JERRITT CANYON'S manufacturing operations which utilize the Patent or the Invention, and further fails to identify any confidential information, know-how, show how, drawings, manuals, or technical documentation, including all improvements thereon or thereto, that JERRITT CANYON is utilizing in its manufacturing process. Plaintiff has therefore failed to state a plausible claim to royalties under either the Assignment or the underlying Amended Agreement.

**FOURTH AFFIRMATIVE DEFENSE**

48. Plaintiff's asserting its entitlement to royalties beyond the term of the Patent ("granting Veris a perpetual license to use the Patent" at Paragraph 14 of Plaintiff's Complaint) and beyond the scope of the Patent, is a misuse of said Patent and the Court should declare the Patent invalid and unenforceable as a result. JERRITT CANYON has notified Nevada Select that it no longer uses the claimed Patent process and Nevada Select persists in attempting to require JERRITT CANYON to pay royalties on the processes that do not fall within the scope of the Patent per the Amended Agreement.

**FIFTH AFFIRMATIVE DEFENSE**

49. The Patent should be declared invalid and unenforceable as follows: as being anticipated by prior art per 35 U.S.C. §102; for being obvious by prior art under 35 U.S.C. §103; for being indefinite under 35 U.S.C. §112. This will be further detailed when Defendant asserts its positions per the Court's Local Patent Rules.

**SIXTH AFFIRMATIVE DEFENSE**

50. The Court should declare that the Patent is not infringed by any activities by JERRITT CANYON. Without limitation, the processes utilized by JERRITT CANYON do not utilize the process claimed in the Patent or any other related or unidentified invention.

**SEVENTH AFFIRMATIVE DEFENSE**

51. The Amended Agreement only requires royalties be paid for the use of the Patent or the Invention under the terms of the Amended Agreement, and not for any processes which do

Defendant's Answer to Complaint and Counterclaims - 8

not fall within the scope of the Patent or the Invention, and JERRITT CANYON is therefore not liable for any such claimed royalty payments.

### EIGHTH AFFIRMATIVE DEFENSE

52. JERRITT CANYON ceasing to pay royalty payments is not a breach of the contract if JERRITT CANYON does not practice or use the Invention referred to in the Amended Agreement or the Patent (to the extent there are any differences).

### NINTH AFFIRMATIVE DEFENSE

53. In attempting to force JERRITT CANYON to pay royalties when it does not practice or use the Invention or the Patent, Plaintiff has unclean hands and is in violation of the good faith and fair dealing requirements of the Amended Agreement and the Acknowledgement.

### STATEMENT RE: ADDITIONAL POTENTIAL DEFENSES AND RESERVATION OF RIGHTS

54. Defendant JERRITT CANYON reserves the right to add further and additional affirmative defenses and counterclaims as discovery is conducted. Further, Defendant JERRITT CANYON hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Nevada Rules of Civil Procedure for the specific purpose of not waiving the same at this time. Lastly, to the extent any allegation made by Plaintiff, whether in whole or in part, has not been responded to by this Answer, Defendant JERRITT CANYON responds as follows: Deny.

///
///
///
///
///
///

Defendant's Answer to Complaint and Counterclaims - 9

# COUNTERCLAIMS

55. Defendant and Counter-Claimant JERRITT CANYON makes the following counterclaims against Plaintiff and Counter-Defendant Nevada Select Royalty, Inc., and Counter-Defendant NOUHGT pursuant to Rules 13 and 57 of the Rules of Civil Procedure and 28 U.S.C. § 2201:

## PARTIES

56. Counter-Claimant JERRITT CANYON is an LLC organized and existing under the laws of the State of Nevada, and operates a mine in Elko County, Nevada.

57. Counter-Defendant and Plaintiff Nevada Select, is a Nevada corporation, and asserts that it is the assignee of the right to receive royalties under the Amended Agreement pursuant to the Assignment.

58. Counter-Defendant NOUHGT, is a Nevada LLC, and asserts that it is the owner of United States Patent No. 8,877,148 (the "Patent") as well as the Licensor of the Patent under the Amended Agreement and the Assignor of the right to royalties under the Assignment.

## JURISDICTION AND VENUE

59. Subject matter jurisdiction over all counts herein is conferred upon the U.S. District Court under 28 U.S.C. §1338. Claims within these counterclaims further present an actual justiciable controversy under 28 U.S.C. §2201 and §2202. The U.S. District Court further has supplemental jurisdiction over the state law claims per 28 U.S.C. §1367. The U.S. District Court for the District Nevada has venue over this matter pursuant to 28 U.S.C. § 1400. As such, Counter-Claimant intends to remove this action to the U.S. District Court for the District of Nevada.

## GENERAL FACTUAL ALLEGATIONS

60. JERRITT CANYON is successor-in-interest to the Licensee of the Amended Agreement to license the Patent for use in mining operations at the Jerritt Canyon Mine in Elko County Nevada. The purported benefits of using the licensed process under the Patent was

Defendant's Answer to Complaint and Counterclaims - 10

improved mercury removal during the mining manufacturing process and the purported novelty of the Patent was that it specified a certain pH range.

61. After utilizing the process claimed within the Patent and within the specified pH range, JERRITT CANYON was looking to further improve the process and hired a consultant. The consultant, after studying the process and results concluded that the pH range specified in the Patent was inefficient and not performing and therefore recommended changing the manufacturing parameters to operate outside of the pH range specified in the Patent.

62. JERRITT CANYON followed its consultant's recommendations and changed its Air Quality Operating Permit to specify the new pH parameters that would be utilized at the JERRITT CANYON facility.

63. Since JERRITT CANYON was no longer using a process covered by the Patent, it notified the Licensor that it no longer owed ongoing royalties because it no longer utilized the Patent or the Invention which was purportedly licensed.

64. JERRITT CANYON's current manufacturing process, not falling within the scope of the Patent, does not therefore infringe the Patent absent a license to the Patent, and JERRITT CANYON therefore is requesting a declaratory judgment to be entered by the Court that its current process does not infringe the Patent or utilize any aspects of the Invention to the extent there is any difference.

## FIRST COUNTERCLAIM
## DECLARATION OF NON-INFRINGEMENT

65. Counter-Claimant JERRITT CANYON realleges paragraphs 01 through 64 as though fully set forth herein.

66. JERRITT CANYON has changed the pH level utilized in the mercury removal process and therefore no longer uses a process within the scope of the Patent or Invention. JERRITT CANYON has notified the Plaintiff and the Licensor that it no longer utilizes the patented process.

Defendant's Answer to Complaint and Counterclaims - 11

67. JERRITT CANYON therefore requests that the Court enter an order and judgment declaring that the new JERRITT CANYON process does not infringe the Patent for at least the following reasons: it does not utilize the claimed novel aspect of falling within pH range specified in U.S. Patent No. 8,877,148 (the "Patent").

68. It has been necessary for JERRITT CANYON to retain the services of the law firm of Rice Reuther Sullivan & Carroll, LLP, among others, to bring this Counterclaim. Accordingly, JERRITT CANYON is entitled to recover their reasonable attorneys' fees and court costs incurred herein.

## SECOND COUNTERCLAIM

## DECLARATION THAT THE PATENT IS INVALID AND UNENFORCEABLE

69. Counter-Claimant JERRITT CANYON realleges paragraphs 01 through 68 as though fully set forth herein.

70. Since entering the Amended Agreement, JERRITT CANYON has learned and concluded that the Patent did not disclose what it believes is a patentable process or invention based upon prior patents and prior technology that was in the public domain. JERRITT CANYON alleges that the Patent is therefore invalid based upon the claimed invention being anticipated under 35 U.S.C. §102, and being obvious under 35 U.S.C. §103.

71. In further reviewing the details in the specification of the Patent, JERRITT CANYON has further concluded that certain aspects of the specification of the Patent do not meet the definiteness requirements of the patent laws, and alleges that the Patent is invalid under 35 U.S.C. §112.

72. JERRITT CANYON therefore requests that the Court enter an order and judgment declaring that the Patent is invalid and unenforceable as follows: as being anticipated by prior art per 35 U.S.C. §102; for being obvious by prior art under 35 U.S.C. §103; for being indefinite under 35 U.S.C. §112. This will be further detailed when Counter-Claimant asserts its positions per the Court's Local Patent Rules.

Defendant's Answer to Complaint and Counterclaims - 12

73.     It has been necessary for JERRITT CANYON to retain the services of the law firm of Rice Reuther Sullivan & Carroll, LLP, among others, to bring this Counterclaim. Accordingly, JERRITT CANYON is entitled to recover their reasonable attorneys' fees and court costs incurred herein.

### THIRD COUNTERCLAIM

### DECLARATION THAT THE PATENT IS INVALID FOR PATENT MISUSE

74.     Counter-Claimant JERRITT CANYON realleges paragraphs 01 through 73 as though fully set forth herein.

75.     A United States patent is the grant of a limited monopoly for a limited amount of time (generally 20 years from the patent application date) granted to the owner of novel inventions. For many years patent owners attempted to obtain license and other fees related to their patents beyond the scope of the grant of the patent and further beyond the scope of the term of the patent. This is a misuse of the limited grant of monopoly and is grounds for invalidating the patent.

76.     In this case, the Patent only covers the manufacturing process wherein the pH falls within a certain limited range and only is valid and enforceable for a limited amount of time. The Counter-Defendants have greatly overstepped the boundaries of the limited monopoly granted by the Patent by claiming royalties are due and owing for processes which are not covered by the Patent and in perpetuity (far beyond the term of the Patent).

77.     JERRITT CANYON therefore requests that this Court enter an order and judgment declaring that the Counter-Defendants have misused the Patent through the Amended Agreement, and other agreements, and through its attempts to collect royalty payments beyond the scope of the limited monopoly granted it by the Patent. JERRITT CANYON further requests that this Court therefore declare the Patent invalid and unenforceable for the remainder of its term or in the alternative, declare the Patent invalid and unenforceable until the Counter-Defendants cease their misuse of the Patent.

Defendant's Answer to Complaint and Counterclaims - 13

78. It has been necessary for JERRITT CANYON to retain the services of the law firm of Rice Reuther Sullivan & Carroll, LLP, among others, to bring this Counterclaim. Accordingly, JERRITT CANYON is entitled to recover their reasonable attorneys' fees and court costs incurred herein.

### FOURTH COUNTERCLAIM

### DECLARATION THAT NO ROYALTIES ARE OWED PURSUANT TO THE AMENDED LICENSE AGREEMENT

79. Counter-Claimant JERRITT CANYON realleges paragraphs 01 through 78 as though fully set forth herein.

80. JERRITT CANYON alleges that since it completely stopped utilizing the Invention protected by or claimed in the Patent, that it is not required to pay royalties under the Amended Agreement, the Assignment or the Acknowledgment.

81. The parties have a dispute in controversy relative to JERRITT CANYON's obligation to continue to pay royalties and JERRITT CANYON requests that this Court enter an order declaring that JERRITT CANYON is not required to pay royalties for its production which were not produced utilizing the Invention or the Patented process.

82. It has been necessary for JERRITT CANYON to retain the services of the law firm of Rice Reuther Sullivan & Carroll, LLP, among others, to bring this Counterclaim. Accordingly, JERRITT CANYON is entitled to recover their reasonable attorneys' fees and court costs incurred herein.

### PRAYER FOR RELIEF – COUNTERCLAIMS

THEREFORE, Counter-Claimant respectfully request that the Court:

1. Enter an order and judgment according to the declaratory relief sought above relative to the Amended Agreement, the non-infringement of the Patent and the invalidity of the Patent;

2. Award Counter-Claimant their costs and attorney fees in this action; and

Defendant's Answer to Complaint and Counterclaims - 14

3. Enter such other and further relief to which the Counter-Claimant may be entitled as a matter of law or equity, or which the Court determines to be just, equitable and proper.

**DEMAND FOR JURY**

Defendant JERRITT CANYON hereby demands a trial by jury on all issues so triable.

Pursuant to NRS239B.030, the undersigned does hereby affirm that the preceding document and attached exhibits, if any, do not contain the social security number or personal information of any person.

Dated this __14th__ day of September 2022.

RICE REUTHER SULLIVAN & CARROLL, LLP

/s/

David A. Carroll, Esq. (NSB #7643)
dcarroll@rrsc-law.com
Anthony J. DiRaimondo, Esq. (NSB #10875)
adiraimondo@rrsc-law.com
Robert E. Opdyke, Esq. (NSB #12841)
ropdyke@rrsc-law.com
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Tel: (702) 697-6109
Fax: (702) 732-7110

Defendant's Answer to Complaint and Counterclaims - 15

# CERTIFICATE OF SERVICE

I certify under the penalty of perjury that on the 14 day of September, 2022, I caused a copy of the foregoing DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS to be submitted for filing via Federal Express Overnight to the Clerk of Court and also served a copy on the following recipients:

Laura K. Granier
Holland & Hart LLP
lkgranier@hollandhart.com

Jessica L. Freitas
Holland & Hart LLP
jlfreitas@hollandhart.com

Mark W. Hendricksen
Wells St. John P.S.
mhendricksen@wellsip.com

James E. Lake
Randall Danskin
jel@randalldanskin.com

Shamus T. O'Doherty
Randall Danskin
sto@randalldanskin.com

_____
Karen Tantay

Defendant's Answer to Complaint and Counterclaims - 16