David A. Carroll, Esq. (NSB #7643)
dcarroll@rrsc-law.com
Anthony J. DiRaimondo, Esq. (NSB #10875)
adiraimondo@rrsc-law.com
Robert E. Opdyke, Esq. (NSB #12841)
ropdyke@rrsc-law.com
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile:  (702) 732-7110

Mark W. Hendricksen, Esq. (*pro hac vice*)
mhendricksen@WellsIP.com
**WELLS ST. JOHN P.S.**
601 W. Main Avenue, Ste. 600
Spokane, WA  99201
Telephone: (509) 624-4276
Facsimile:  (509) 838-3424

Shamus T. O'Doherty, Esq. (*pro hac vice*)
sto@randalldanskin.com
Timothy J. Nault, Esq. (*pro hace vice*)
tjn@randalldanskin.com
**RANDALL | DANSKIN**
601 W. Riverside Ave., Ste. 1500
Spokane, Washington 99201
Telephone: (509) 747-2052
Facsimile:  (509) 624-2528

*Attorneys for Defendant/Counter-claimant/ Counter-defendant Jerritt Canyon Gold LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| NEVADA SELECT ROYALTY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JERRITT CANYON GOLD LLC, <br><br> Defendant. <br> JERRITT CANYON GOLD LLC, <br><br> Counter-claimant, <br><br> vs. <br><br> NEVADA SELECT ROYALTY, INC., and NOUHGT TECHNOLOGIES, LLC, <br><br> Counter-defendants. | Case No. 3:22-CV-00415-LRH-CSD <br><br> **COUNTERDEFENDANT FIRST MAJESTIC SILVER CORP.'S ANSWER TO NOUHGT TECHNOLOGIES, LLC'S COUNTERCLAIMS, AND COUNTERCLAIMS TO NOUHGT** |

1

NOUHGT TECHNOLOGIES, LLC,

          Counterclaimant,

   vs.

JERRITT CANYON GOLD LLC, a Nevada limited liability company; First Majestic Silver Corp., a Canadian corporation; DOE I through X, inclusive; ROE ENTITIES I through X, inclusive,

          Counterdefendant.

Counter-defendant FIRST MAJESTIC SILVER CORP. ("First Majestic") by and through their undersigned attorneys of record, hereby answers NouHgt Technologies, LLC's ("NouHgt") Counterclaims (ECF No. 21) as follows:

## JURISDICTION AND VENUE

1. First Majestic admits Paragraph 1 of NouHgt's Counterclaims.

2. First Majestic admits Paragraph 2 of NouHgt's Counterclaims.

3. First Majestic admits Paragraph 3 of NouHgt's Counterclaims.

4. First Majestic admits only that this Court has in personam jurisdiction over First Majestic, but denies the remainder of Paragraph 4 of NouHgt's Counterclaims, and specifically denies it is engaged in patent infringement.

5. First Majestic admits only that venue is proper in this judicial district, but denies the remainder of Paragraph 4 of NouHgt's Counterclaims, and specifically denies it has engaged in the unauthorized use of one or more processes that infringe upon the Patent.

## PARTIES

6. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 6 to admit or deny Paragraph 6, and therefore denies Paragraph 6 of NouHgt's Counterclaims.

7. First Majestic admits Paragraph 7 of NouHgt's Counterclaims.

2

8. First Majestic admits only that First Majestic is a Canadian corporation with its principal place of business in Vancouver, Canada; however, First Majestic denies the remainder of Paragraph 8 of NouHgt's Counterclaims.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS[1]

### The '148 Patent

9. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 9 to admit or deny Paragraph 9, and therefore denies Paragraph 9 of NouHgt's Counterclaims.

10. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 10 to admit or deny Paragraph 10, and therefore denies Paragraph 10 of NouHgt's Counterclaims.

11. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 11 to admit or deny Paragraph 11, and therefore denies Paragraph 11 of NouHgt's Counterclaims.

12. First Majestic admits Paragraph 12.

13. First Majestic admits Paragraph 13.

14. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 14 to admit or deny Paragraph 14, and therefore denies Paragraph 14 of NouHgt's Counterclaims.

15. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 15 to admit or deny Paragraph 15, and therefore denies Paragraph 15 of NouHgt's Counterclaims.

16. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 16 to admit or deny Paragraph 16, and therefore denies Paragraph 16 of NouHgt's Counterclaims.

---

[1] First Majestic uses the headings from NouHgt's Counterclaims for organizational purposes and convenience of reference. To the extent any heading includes factual allegations or legal contentions, First Majestic denies them.

RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Pkwy, Suite 1200
Las Vegas, Nevada 89169
(702) 732-9099

RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Pkwy, Suite 1200
Las Vegas, Nevada 89169
(702) 732-9099

17. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 17 to admit or deny Paragraph 17, and therefore denies Paragraph 17 of NouHgt's Counterclaims.

18. First Majestic admits Paragraph 18.

19. First Majestic admits that the '148 Patent is comprised of six claims, only one of which is independent. First Majestic asserts that the specific language of the '148 Patent speaks for itself.

20. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 20 to admit or deny Paragraph 20, and therefore denies Paragraph 20 of NouHgt's Counterclaims.

21. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21 to admit or deny Paragraph 21, and therefore denies Paragraph 21 of NouHgt's Counterclaims.

22. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22 to admit or deny Paragraph 22, and therefore denies Paragraph 22 of NouHgt's Counterclaims.

23. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23 to admit or deny Paragraph 23, and therefore denies Paragraph 23 of NouHgt's Counterclaims.

24. First Majestic denies Paragraph 24.

**The License Agreements**

25. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25 to admit or deny Paragraph 25, and therefore denies Paragraph 25 of NouHgt's Counterclaims.

26. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26 to admit or deny the entirety of Paragraph 26, and therefore denies Paragraph 26 of NouHgt's Counterclaims. First Majestic submits that the Amended License Agreement speaks for itself.

4

27. First Majestic admits that legally imposed mercury emissions standards must be met at the Jerritt Canyon mine.

28. First Majestic admits only there is ongoing testing of emissions at the Jerritt Canyon mine, but denies the remainder of Paragraph 28.

29. First Majestic asserts that the Amended License Agreement speaks for itself, and therefore denies Paragraph 29 to the extent inconsistent therewith.

30. First Majestic admits only that Jerritt Canyon Gold LLC is the successor in interest to Veris in the Amended License Agreement, but denies the remainder of Paragraph 30.

31. First Majestic asserts that the Amended License Agreement speaks for itself, including Section 10, and denies any portion of Paragraph 31 that is inconsistent therewith, including that the Amended License Agreement "only terminates" upon the two recited conditions.

### NouHgt Assigns its Rights to Receive Royalty Payments

32. First Majestic admits Paragraph 32.

33. First Majestic admits that an Acknowledgment and Consent to Assignment of Royalty Payments Agreements was entered, but asserts that said Acknowledgment speaks for itself and therefore denies the remainder of Paragraph 33 to the extent inconsistent therewith.

### Jerritt Ceases Paying for its License to Use the '148 Patent

34. First Majestic admits only that a letter was sent notifying the parties that Jerritt Canyon Gold LLC no longer utilizes the '148 Patent, and that it therefore would stop paying royalties under the Amended License Agreement. First Majestic denies the remainder of Paragraph 34.

35. First Majestic admits Jerritt Canyon Gold LLC hired a consultant with a consulting firm, who recommended changing the operating parameters utilized at the Jerritt Canyon mine, which among other things, changed the pH levels being operated at. First Majestic asserts that the operating parameters were changed, including without limitation, the pH levels, and that the operating parameters utilized at the Jerritt Canyon mine were outside the scope of the '148 Patent.

36. First Majestic admits Jerritt Canyon Gold LLC obtained a revision to its operating permit for the new operating parameters, including different pH levels.

5

37. First Majestic submits that Jerritt Canyon Gold LLC's operating permit issued by the Nevada Department of Environmental Protection, dated July 13, 2022, speaks for itself. First Majestic submits that there are five mercury scrubbers at the facility and that reference refers to only one of said scrubbers.

38. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 38 to admit or deny the entirety of Paragraph 38, and therefore denies Paragraph 38. First Majestic submits that the Nevada Administrative Code section speaks for itself, including as to whether thermal units utilized by Jerritt Canyon Gold LLC fall within said administrative code section.

39. First Majestic asserts that Paragraph 39 is vague and ambiguous, and First Majestic is unclear as to its meaning; First Majestic therefore denies Paragraph 39.

40. First Majestic denies Paragraph 40.

41. First Majestic denies Paragraph 41.

**Jerritt Continues to Willfully Infringe the '148 Patent, Literally or**

**Under the Doctrine of Equivalents**

42. First Majestic denies Paragraph 42.

43. First Majestic admits only having knowledge of the '148 Patent, but denies the remainder of Paragraph 43.

44. First Majestic denies Paragraph 44.

45. First Majestic denies Paragraph 45.

46. First Majestic submits that the Specification of the '148 Patent speaks for itself.

47. First Majestic submits that the Specification of the '148 Patent speaks for itself.

48. First Majestic denies Paragraph 48, although it submits that there was a change to the operating pH levels for at least four of the mercury scrubbers utilized at the Jerritt Canyon mine.

49. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 49 to admit or deny the entirety of Paragraph 49, and therefore denies Paragraph 49.

6

50. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 50 to admit or deny the entirety of Paragraph 50, and therefore denies Paragraph 50.

51. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 51 to admit or deny the entirety of Paragraph 51, and therefore denies Paragraph 51.

52. First Majestic denies Paragraph 52.

53. First Majestic denies Paragraph 53.

54. First Majestic denies Paragraph 54.

## FIRST CLAIM FOR RELIEF

### (Direct Patent Infringement – Against Jerritt)

55. First Majestic repeats, realleges and incorporates by this reference all responses and answers previously asserted as though fully set forth herein. First Majestic further acknowledges that this First Claim for Relief is not asserted against First Majestic; however, First Majestic asserts there is no direct patent infringement by Jerritt Canyon Gold LLC.

56. First Majestic denies Paragraph 56.

57. First Majestic denies Paragraph 57.

58. First Majestic admits only having correspondence regarding the Amended License Agreement, including that Jerritt Canyon Gold LLC is not obligated to make further payments thereunder, but denies the remainder of Paragraph 58.

59. First Majestic denies Paragraph 59.

60. First Majestic denies Paragraph 60.

## SECOND CLAIM FOR RELIEF

### (Contributory Patent Infringement –

### Against DOE Consultant and ROE Consulting Firm)

61. First Majestic repeats, realleges and incorporates by this reference all responses and answers previously asserted as though fully set forth herein. First Majestic further acknowledges that this Second Claim for Relief is not asserted against First Majestic; however, First Majestic

7

asserts that since there is no underlying direct patent infringement by Jerritt Canyon, there would be no contributory patent infringement by any other party or potential party.

62. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 62 to admit or deny the entirety of Paragraph 62, and therefore denies Paragraph 62.

63. First Majestic denies Paragraph 63.

64. First Majestic denies Paragraph 64.

65. First Majestic denies Paragraph 65.

66. First Majestic denies Paragraph 66.

67. First Majestic denies Paragraph 67.

## THIRD CLAIM FOR RELIEF

### (Vicarious Patent Infringement – Against First Majestic)

68. First Majestic repeats, realleges and incorporates by this reference all responses and answers previously asserted as though fully set forth herein.

69. First Majestic denies Paragraph 69.

70. First Majestic denies Paragraph 70.

71. First Majestic denies Paragraph 71.

72. First Majestic denies Paragraph 72.

## FOURTH CLAIM FOR RELIEF

### (Intentional Interference With Contractual Relations –

### Against Jerritt and First Majestic)

73. First Majestic repeats, realleges and incorporates by this reference all responses and answers previously asserted as though fully set forth herein. First Majestic further acknowledges that this Fourth Claim for Relief is only in part asserted against First Majestic and only therefore answers on its own behalf; however, First Majestic asserts that since there is no underlying direct patent infringement or breach of contract by First Majestic, there would be no intentional interference therewith.

74. First Majestic is without knowledge or information sufficient to form a belief as to the truth of Paragraph 74 to admit or deny the entirety of Paragraph 74, and therefore denies Paragraph 74.

75. First Majestic acknowledges that it knew of the Assignment approximately when it was entered.

76. First Majestic denies Paragraph 76.

77. First Majestic denies Paragraph 77, including that it interfered with a contractual relationship.

78. First Majestic denies Paragraph 78.

79. First Majestic denies Paragraph 79.

## FIRST MAJESTIC'S REQUEST AND PRAYER FOR RELIEF

Having fully answered NouHgt's Counterclaims, First Majestic prays and requests that the Court:

80. Dismiss NouHgt's Counterclaims against First Majestic with prejudice and without recovery, and further without any of the relief requested by NouHgt in the Counterclaims;

81. Award First Majestic costs and attorney fees incurred herein; and

82. Enter an order granting such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES AND PRAYER

83. Having fully answered NouHgt's Counterclaims, First Majestic avers the defenses and Affirmative Defenses set forth below. First Majestic does not admit, in asserting any defense, any responsibility or liability but, to the contrary, specifically denies any and all allegations of responsibility and liability alleged in NouHgt's Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

84. NouHgt's Counterclaims fail to state a claim upon which relief may be granted.

9

## SECOND AFFIRMATIVE DEFENSE

85. NouHgt's Counterclaims fail to identify any aspects of First Majestic's operations which utilize all the elements of the claims of the Patent or the Invention, and further fail to identify any confidential information, know-how, show how, drawings, manuals, or technical documentation, including all improvements thereon or thereto, that First Majestic is utilizing in its operating process. NouHgt has therefore failed to state a plausible claim to royalties under either the Assignment or the underlying Amended Agreement.

## THIRD AFFIRMATIVE DEFENSE

86. NouHgt's asserting its entitlement to royalties beyond the term of the Patent ("granting Veris a perpetual license to use the Patent") and beyond the scope of the Patent, is a misuse of said Patent and the Court should declare the Patent invalid and unenforceable as a result. First Majestic and/or Jerritt Canyon have notified Nevada Select that it does not use the claimed Patent process and NouHgt and/or Nevada Select persists in attempting to require First Majestic to pay royalties on the processes that do not fall within the scope of the Patent per the Amended Agreement.

## FOURTH AFFIRMATIVE DEFENSE

87. The Patent should be declared invalid and unenforceable as follows: as being anticipated by prior art per 35 U.S.C. §102; for being obvious by prior art under 35 U.S.C. §103; for being indefinite under 35 U.S.C. §112. This will be further detailed when First Majestic asserts its positions per the Court's Local Patent Rules; positions it shares with Jerritt Canyon and its invalidity contentions.

## FIFTH AFFIRMATIVE DEFENSE

88. The Court should declare that the Patent is not infringed by any activities by First Majestic, and further that First Majestic is not liable for secondary liability such as contributory or vicarious infringement. Without limitation, the processes utilized by First Majestic or Jerritt Canyon do not utilize the process claimed in the Patent or any other related or unidentified invention.

10

## SIXTH AFFIRMATIVE DEFENSE

89. The Amended Agreement only requires royalties be paid for the use of the Patent or the Invention under the terms of the Amended Agreement, and not for any processes which do not fall within the scope of the Patent or the Invention, and neither Jerritt Canyon nor First Majestic are liable for any such claimed royalty payments.

## SEVENTH AFFIRMATIVE DEFENSE

90. Jerritt Canyon's ceasing to pay royalty payments is not a breach of contract, and First Majestic is not liable for any such cessation of royalties, nor with inferring with said contract. It is not a breach of the contract if neither Jerritt Canyon nor First Majestic practice or use the Invention referred to in the Amended Agreement or the Patent (to the extent there are any differences).

## EIGHTH AFFIRMATIVE DEFENSE

91. In attempting to force Jerritt Canyon or First Majestic to pay royalties when neither practices or uses the Invention or the Patent, NouHgt has unclean hands and is in violation of the good faith and fair dealing requirements of the Amended Agreement and the Acknowledgement.

## STATEMENT RE: ADDITIONAL POTENTIAL DEFENSES AND RESERVATION OF RIGHTS

92. First Majestic reserves the right to add further and additional affirmative defenses and counterclaims as discovery is conducted. Further, First Majestic hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Nevada Rules of Civil Procedure for the specific purpose of not waiving the same at this time.

93. Lastly, to the extent any allegation made by NouHgt, whether in whole or in part, has not been responded to by this Answer, First Majestic responds as follows: Deny.

## **COUNTERCLAIMS**

94. Defendant and Counter-Claimant First Majestic joins Jerritt Canyon Gold LLC in making the following counterclaims against Plaintiff and Counter-Defendant Nevada Select

11

Royalty, Inc. ("Nevada Select"), and Counter-Defendant NouHgt pursuant to Rules 13 and 57 of the Rules of Civil Procedure and 28 U.S.C. § 2201:

**PARTIES**

95. Counter-Claimant First Majestic is a corporation organized and existing under the laws of British Columbia, Canada.

96. Counter-Defendant and Plaintiff Nevada Select is a Nevada corporation, and asserts that it is the assignee of the right to receive royalties under the Amended Agreement pursuant to the Assignment.

97. Counter-Defendant NouHgt is a Nevada LLC, and asserts that it is the owner of United States Patent No. 8,877,148 (the "Patent") as well as the Licensor of the Patent under the Amended Agreement and the Assignor of the right to royalties under the Assignment.

**JURISDICTION AND VENUE**

98. Subject matter jurisdiction over all counts herein is conferred upon the U.S. District Court under 28 U.S.C. §1338. Claims within these counterclaims further present an actual justiciable controversy under 28 U.S.C. §2201 and §2202. The U.S. District Court further has supplemental jurisdiction over the state law claims per 28 U.S.C. §1367. The U.S. District Court for the District of Nevada has venue over this matter pursuant to 28 U.S.C. § 1400. As such, Counter-Claimant intends to remove this action to the U.S. District Court for the District of Nevada.

**GENERAL FACTUAL ALLEGATIONS**

99. Jerritt Canyon Gold LLC is successor-in-interest to the Licensee of the Amended Agreement to license the Patent for use in mining operations at the Jerritt Canyon mine in Elko County, Nevada. The purported benefits of using the licensed process under the Patent was improved mercury removal during the mining manufacturing process and the novelty of the Patent was that it specified a certain pH range.

100. After utilizing the process claimed within the Patent and within the specified pH range, Jerritt Canyon Gold LLC was looking to further improve the process and hired a consultant. The consultant, after studying the process and results concluded that the pH range specified in the

12

Patent was inefficient and not performing and therefore recommended changing the manufacturing parameters to, among other things, operate outside of the pH range specified in the Patent.

101. Jerritt Canyon Gold LLC followed its consultant's recommendations and changed its Air Quality Operating Permit to specify the new pH parameters that would be utilized at the Jerritt Canyon facility.

102. Since Jerritt Canyon Gold LLC was no longer using a process covered by the Patent, it notified the Licensor that it no longer owed ongoing royalties because it no longer utilized the Patent or the Invention which was purportedly licensed.

103. Jerritt Canyon Gold LLC's current manufacturing process, not falling within the scope of the Patent, does not therefore infringe the Patent absent a license to the Patent, and Jerritt Canyon Gold LLC and First Majestic are requesting a declaratory judgment to be entered by the Court that the current process does not infringe the Patent or utilize any aspects of the Invention to the extent there is any difference.

**FIRST COUNTERCLAIM**

**DECLARATION OF NON-INFRINGEMENT**

104. Counter-Claimant First Majestic realleges paragraphs 01 through 103 as though fully set forth herein.

105. Jerritt Canyon Gold LLC, among other changes, has changed the pH level utilized in the mercury removal process and does not use a process within the scope of the Patent or Invention. The Patent further requires the simultaneous combination of pH, flow rate and temperature, which the process utilized by Jerritt Canyon Gold LLC does not meet. The Plaintiff and the Licensor have been notified that the patented process is not being used.

106. First Majestic therefore requests that the Court enter an order and judgment declaring that the new process utilized at the Jerritt Canyon mine does not infringe the Patent for at least the reasons stated herein.

107. It has been necessary for First Majestic to retain the services of the law firm of Rice Reuther Sullivan & Carroll, LLP, among others, to bring this Counterclaim. Accordingly, First Majestic is entitled to recover its reasonable attorneys' fees and court costs incurred herein.

13

## SECOND COUNTERCLAIM

## DECLARATION THAT THE PATENT IS INVALID AND UNENFORCEABLE

108. Counter-Claimant First Majestic realleges paragraphs 01 through 107 as though fully set forth herein.

109. Since entering the Amended Agreement, Jerritt Canyon Gold LLC and First Majestic have learned and concluded that the Patent did not disclose what they believe is a patentable process or invention based upon prior patents and prior technology that was in the public domain. Jerritt Canyon Gold LLC and First Majestic allege that the Patent is therefore invalid based upon the claimed invention being anticipated under 35 U.S.C. §102, and being obvious under 35 U.S.C. §103. The basis for this claim of invalidity is also set forth in the Noninfringement and Invalidity Contentions of Jerritt Canyon Gold LLC.

110. In further reviewing the details in the specification of the Patent, Jerritt Canyon Gold LLC and First Majestic have further concluded that certain aspects of the specification of the Patent do not meet the definiteness requirements of the patent laws, and alleges that the Patent is invalid under 35 U.S.C. §112, as set forth more fully in Jerritt Canyon Gold LLC's Noninfringement and Invalidity Contentions.

111. First Majestic therefore requests that the Court enter an order and judgment declaring that the Patent is invalid and unenforceable as follows: as being anticipated by prior art per 35 U.S.C. §102; for being obvious by prior art under 35 U.S.C. §103; for being indefinite under 35 U.S.C. §112. This will be further detailed when First Majestic asserts its positions per the Court's Local Patent Rules.

112. It has been necessary for First Majestic to retain the services of the law firm of Rice Reuther Sullivan & Carroll, LLP, among others, to bring this Counterclaim. Accordingly, First Majestic is entitled to recover their reasonable attorneys' fees and court costs incurred herein.

## THIRD COUNTERCLAIM

## DECLARATION THAT THE PATENT IS INVALID FOR PATENT MISUSE

113. Counter-Claimant First Majestic realleges paragraphs 01 through 112 as though fully set forth herein.

14

114. A United States patent is the grant of a limited monopoly for a limited amount of time (generally 20 years from the patent application date) granted to the owner of novel inventions. For many years patent owners attempted to obtain license and other fees related to their patents beyond the scope of the grant of the patent and further beyond the scope of the term of the patent. This is a misuse of the limited grant of monopoly and is grounds for invalidating the patent.

115. In this case, the Patent only covers the manufacturing process wherein the pH falls within a certain limited range and only is valid and enforceable for a limited amount of time. The Counter-Defendants have greatly overstepped the boundaries of the limited monopoly granted by the Patent by claiming royalties are due and owing for processes which are not covered by the Patent and in perpetuity (far beyond the term of the Patent).

116. First Majestic therefore requests that this Court enter an order and judgment declaring that the Counter-Defendants have misused the Patent through the Amended Agreement, and other agreements, and through its attempts to collect royalty payments beyond the scope of the limited monopoly granted it by the Patent. First Majestic further requests that this Court therefore declare the Patent invalid and unenforceable for the remainder of its term or in the alternative, declare the Patent invalid and unenforceable until the Counter-Defendants cease their misuse of the Patent.

117. It has been necessary for First Majestic to retain the services of the law firm of Rice Reuther Sullivan & Carroll, LLP, among others, to bring this Counterclaim. Accordingly, First Majestic is entitled to recover their reasonable attorneys' fees and court costs incurred herein.

## FOURTH COUNTERCLAIM

## DECLARATION THAT NO ROYALTIES ARE OWED PURSUANT TO THE AMENDED LICENSE AGREEMENT

118. Counter-Claimant First Majestic realleges paragraphs 01 through 117 as though fully set forth herein.

119. First Majestic has been alleged to have intentionally interfered with contractual relations. However, since Jerritt Canyon Gold LLC has no further obligations for the payment of royalties for the reasons stated herein, First Majestic has not interfered with any such contract. First

15

Majestic avers that pursuant to the underlying contract between Jerritt Canyon Gold LLC and Plaintiff, as a result of Jerritt Canyon Gold LLC not utilizing the Invention protected by or claimed in the Patent, that Jerritt Canyon Gold LLC is not required to pay royalties under the Amended Agreement, the Assignment or the Acknowledgment, and First Majestic is not liable to pay any damages for the alleged intentional inference with contractual relations.

120. The parties have a dispute in controversy relative to First Majestic's obligation to pay damages because Jerritt Canyon Gold LLC discontinued paying royalties, and First Majestic requests that this Court enter an order declaring that Jerritt Canyon Gold LLC is not required to pay royalties for its production which were not produced utilizing the Invention or the Patented process, and further than First Majestic is not liable to pay any damages from the alleged intentional interference with contractual relations.

121. It has been necessary for First Majestic to retain the services of the law firm of Rice Reuther Sullivan & Carroll, LLP, among others, to bring this Counterclaim. Accordingly, First Majestic is entitled to recover their reasonable attorneys' fees and court costs incurred herein.

**PRAYER FOR RELIEF – COUNTERCLAIMS**

THEREFORE, Counter-Claimant First Majestic respectfully request that the Court:

1. Enter an order and judgment according to the declaratory relief sought above relative to the Amended Agreement, the non-infringement of the Patent and the invalidity of the Patent;

2. Award Counter-Claimant First Majestic its costs and attorney fees in this action; and

3. Enter such other and further relief to which the Counter-Claimants may be entitled as a matter of law or equity, or which the Court determines to be just, equitable and proper.

16

## DEMAND FOR JURY

First Majestic hereby demands a trial by jury on all issues so triable.

Pursuant to NRS239B.030, the undersigned does hereby affirm that the preceding document and attached exhibits, if any, do not contain the social security number or personal information of any person.

DATED this 23 day of January, 2023.

**WELLS ST. JOHN P.S.**

By: /s/ Mark W. Hendricksen
Mark W. Hendricksen, Esq. (*pro hac vice*)
mhendricksen@WellsIP.com
WELLS ST. JOHN P.S.
601 W. Main Avenue, Ste. 600
Spokane, Washington  99201
Telephone: (509) 624-4276
Facsimile:  (509) 838-3424

David A. Carroll, Esq. (NSB #7643)
Anthony J. DiRaimondo, Esq. (NSB #10875)
Robert E. Opdyke, Esq. (NSB #12841)
RISE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169

Shamus T. O'Doherty, Esq. (*pro hac vice*)
sto@randalldanskin.com
Timothy J. Nault, Esq. (*pro hac vice*)
tjn@randalldanskin.com
RANDALL | DANSKIN
601 W. Riverside Ave., Ste. 1500
Spokane, Washington 99201
Telephone: (509) 747-2052
Facsimile: (509) 624-2528

*Attorneys for Jerritt Canyon Gold LLC and First Majestic Silver Corp.*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of January, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the e-mail address(as) of the following persons:

| | |
|---|---|
| Laura K. Granier, Esq. (NBS #7357)<br>Robert Ryan, Esq. (NBS # 7164)<br>Jessica L. Coberly (Freitas) Esq. (NBS #16079)<br>HOLLAND & HART, LLP<br>5441 Kietzke Lane, Suite 200<br>Second Floor<br>Reno, NV 89511-2094<br>lkgranier@hollandhart.com<br>jlfreitas@hollandhart.com<br>*Attorneys for Nevada Select Royalty, Inc.* | Cody S. Mounteer, Esq. (NBS #11220)<br>Brian R. Hardy, Esq. (NBS #10068)<br>Jared M. Moser, Esq. (NBS #13003)<br>MARQUIS AURBACH<br>10001 Park Run Drive<br>Las Vegas, NV 89145<br>cmounteer@maclaw.com<br>bhardy@maclaw.com<br>jmoser@maclaw.com<br>*Attorneys for NouHgt Technologies, LLC* |
| Shamus T. O'Doherty, Esq. (pro hac vice)<br>Timothy J. Nault, Esq. (pro hac vice)<br>RANDALL DANSKIN<br>601 W. Riverside Ave., Ste. 1500<br>Spokane, WA 99201<br>sto@randalldanskin.com<br>tjn@randalldanskin.com<br>Attorneys for Jerritt Canyon Gold LLC and First Majestic Silver Corp. | David A. Carroll, Esq. (NSB #7643)<br>Anthony J. DiRaimondo, Esq. (NSB #10875)<br>Robert E. Opdyke, Esq. (NSB #12841)<br>RICE REUTHER SULLIVAN & CARROLL, LLP<br>3800 Howard Hughes Parkway, Suite 1200<br>Las Vegas, NV 89169<br>Attorneys for Jerritt Canyon Gold LLC and First Majestic Silver Corp. |

/s/Mark W. Hendricksen

18