**Marquis Aurbach**
Cody S. Mounteer, Esq.
Nevada Bar No. 11220
Brian R. Hardy, Esq.
Nevada Bar No. 10068
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
cmounteer@maclaw.com
bhardy@maclaw.com
jmoser@maclaw.com

*Attorneys for Counter-Defendant
NouHgt Technologies, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA SELECT ROYALTY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JERRITT CANYON GOLD LLC, <br><br> Defendant. <br><br>——— <br><br> JERRITT CANYON GOLD LLC, <br><br> Counterclaimant, <br><br> vs. <br><br> NEVADA SELECT ROYALTY, INC.; and NOUHGT TECHNOLOGIES, LLC, <br><br> Counterdefendants. <br><br>——— <br><br> NOUHGT TECHNOLOGIES, LLC, <br><br> Counterclaimant, <br><br> vs. <br><br> JERRITT CANYON GOLD LLC, a Nevada | Case Number: 3:22-cv-00415-LRH-CSD <br><br> **COUNTERDEFENDANT NOUHGT TECHNOLOGIES, LLC'S ANSWER TO JERRITT CANYON GOLD, LLC'S AMENDED COUNTERCLAIMS** <br><br> **AND** <br><br> **NOUHGT TECHNOLOGIES, LLC'S COUNTERCLAIMS AGAINST JERRITT CANYON GOLD, LLC** |

Page 1 of 14

1   limited liability company; FIRST
2   MAJESTIC SILVER CORP., a Candaian
    corporation; DOE I through X, inclusive;
3   ROE ENTITIES I through X, inclusive,

4                         Counterdefendants.

5       Counterdefendant/Counterclaimant NouHgt Technologies, LLC ("NouHgt") as and
6   for its Answer, Affirmative Defenses, and Counterclaims to Defendant Jerritt Canyon Gold
7   LLC's ("Jerritt") Amended Counterclaims, does hereby state as follows:

8                   **ANSWER TO JERRITT'S AMENDED COUNTERCLAIMS**

9       1.    In responding to paragraph 55 of Jerritt's Amended Counterclaims, NouHgt
10  avers that the allegations therein call for legal conclusions to which no response is required.
11  To the extent a response is deemed necessary, NouHgt is without knowledge or information
12  sufficient to form a belief as to the truth of the allegations contained therein, and therefore,
13  denies the same.

14                                    **PARTIES**

15      2.    In responding to paragraph 56 of Jerritt's Amended Counterclaims, NouHgt
16  is without knowledge or information sufficient to form a belief as to the truth of the
17  allegations contained therein, and therefore, denies the same.

18      3.    In responding to paragraph 57 of Jerritt's Amended Counterclaims, NouHgt
19  avers that the referenced document speaks for itself and denies any allegation inconsistent
20  therewith. As to the remaining allegations, NouHgt is without knowledge or information
21  sufficient to form a belief as to the truth of the allegations contained therein, and therefore,
22  denies the same.

23      4.    In responding to paragraph 58 of Jerritt's Amended Counterclaims, NouHgt
24  admits the allegations therein.

25                          **JURISDICTION AND VENUE**

26      5.    In responding to paragraph 59 of Jerritt's Amended Counterclaims, NouHgt
27  avers that these allegations call for legal conclusions to which no response is required. To

MAC:17128-001 5184285_1 8/10/2023 2:08 PM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

the extent a response is deemed necessary, NouHgt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

**GENERAL FACTUAL ALLEGATIONS**

6. In responding to paragraph 60 of Jerritt's Amended Counterclaims, NouHgt admits that Jerritt Canyon is successor-in-interest to the Licensee of the Amended Agreement to license the Patent for use in mining operations at the Jerritt Canyon Mine in Elko County, Nevada. NouHgt, however, denies the allegation that the Patent's purported benefits are limited to "improved mercury removal during the mining manufacturing process." NouHgt further denies the allegation that the "purported novelty of the Patent" was limited to its specification of "a certain pH range." As to the remaining allegations, NouHgt is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Jerritt's status, and therefore, denies the same. NouHgt denies all remaining allegations therein.

7. In responding to paragraph 61 of Jerritt's Amended Counterclaims, NouHgt admits that Jerritt utilized the process taught by the Patent. NouHgt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore, denies the same.

8. In responding to paragraph 62 of Jerritt's Amended Counterclaims, NouHgt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

9. In responding to paragraph 63 of Jerritt's Amended Counterclaims, NouHgt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

10. In responding to paragraph 64 of Jerritt's Amended Counterclaims, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

## [JERRITT'S] FIRST COUNTERCLAIM
## DECLARATION OF NON-INFRINGEMENT

11. In responding to paragraph 65 of Jerritt's Amended Counterclaims, NouHgt reasserts, realleges, and incorporates by this reference all prior responses as though fully set forth herein.

12. In responding to paragraph 66 of Jerritt's Amended Counterclaims, NouHgt admits that Jerritt stated to NouHgt and Nevada Select that Jerritt was no longer utilizing the patented process and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore, denies the same.

13. In responding to paragraph 67 of Jerritt's Amended Counterclaims, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations contained therein.

14. In responding to paragraph 68 of Jerritt's Amended Counterclaims, NouHgt denies the allegations therein.

## [JERRITT'S] SECOND COUNTERCLAIM
## DECLARATION THAT THE PATENT IS INVALID AND UNENFORCEABLE

15. In responding to paragraph 69 of Jerritt's Amended Counterclaims, NouHgt reasserts, realleges, and incorporates by this reference all prior responses as though fully set forth herein.

16. In responding to paragraph 70 of Jerritt's Amended Counterclaims, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies that any of the Patent's claims is invalid for any reason. As to the remaining allegations, NouHgt is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies the same.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:17128-001 5184285_1 8/10/2023 2:08 PM

17. In responding to paragraph 71 of Jerritt's Amended Counterclaims, NouHgt avers that the referenced documents speak for themselves and denies any allegation inconsistent therewith. As to the remaining allegations, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

18. In responding to paragraph 72 of Jerritt's Amended Counterclaims, NouHgt avers that the referenced document speaks for itself and denies any allegation inconsistent therewith. As to the remaining allegations, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

19. In responding to paragraph 73 of Jerritt's Amended Counterclaims, NouHgt avers that the referenced document speaks for itself and denies any allegation inconsistent therewith. As to the remaining allegations, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

20. In responding to paragraph 74 of Jerritt's Amended Counterclaims, NouHgt avers that the referenced document speaks for itself and denies any allegation inconsistent therewith. As to the remaining allegations, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

21. In responding to paragraph 75 of Jerritt's Amended Counterclaims, NouHgt avers that the referenced documents speak for themselves and denies any allegation inconsistent therewith. As to the remaining allegations, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

22. In responding to paragraph 76 of Jerritt's Amended Counterclaims, NouHgt avers that the referenced documents speak for themselves and denies any allegation

MAC:17128-001 5184285_1 8/10/2023 2:08 PM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

inconsistent therewith. As to the remaining allegations, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

23. In responding to paragraph 77 of Jerritt's Amended Counterclaims, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

24. In responding to paragraph 78 of Jerritt's Amended Counterclaims, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

25. In responding to paragraph 79 of Jerritt's Amended Counterclaims, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

26. In responding to paragraph 80 of Jerritt's Amended Counterclaims, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

27. In responding to paragraph 81 of Jerritt's Amended Counterclaims, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

28. In responding to paragraph 82 of Jerritt's Amended Counterclaims, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

29. In responding to paragraph 83 of Jerritt's Amended Counterclaims, NouHgt admits that the listed documents are referenced in Jerritt's Amended Counterclaims and denies that any of them is relevant or demonstrates invalidity on any basis.

30. In responding to paragraph 84 of Jerritt's Amended Counterclaims, NouHgt admits that Jerritt provided a claim chart with its Amended Counterclaims but is without

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore, denies the same.

31. In responding to paragraph 85 of Jerritt's Amended Counterclaims, NouHgt avers that the referenced document speaks for itself, denies the characterizations therein, and denies any allegation as to those contents that are inconsistent therewith. As to the remaining allegations, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

32. In responding to paragraph 86 of Jerritt's Amended Counterclaims, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies the allegations therein.

33. In responding to paragraph 87 of Jerritt's Amended Counterclaims, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt admits that the '148 Patent teaches novel technology distinct from the Boliden-Norzink process and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

34. In responding to paragraph 88 of Jerritt's Amended Counterclaims, NouHgt avers that the referenced document speaks for itself and denies any allegation inconsistent therewith. As to the remaining allegations, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the extent a response is deemed necessary, NouHgt denies that the Patent specification is indefinite and that any of the Patent's claims is invalid.

35. In responding to paragraph 89 of Jerritt's Amended Counterclaims and all of its subparts, NouHgt avers that the specification of the '148 Patent speaks for itself and denies any allegation inconsistent therewith. As to the remaining allegations, NouHgt avers that these allegations call for legal conclusions to which no response is required. To the

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:17128-001 5184285_1 8/10/2023 2:08 PM

1 extent a response is deemed necessary, NouHgt denies that the '148 Patent fails to meet the
2 written description requirements or is invalid for any reason.

3     36.    In responding to paragraph 90 of Jerritt's Amended Counterclaims and all of
4 its subparts, NouHgt avers that the language in '148 Patent speaks for itself and denies any
5 allegation inconsistent therewith. As to the remaining allegations, NouHgt avers that these
6 allegations call for legal conclusions to which no response is required. To the extent a
7 response is deemed necessary, NouHgt denies that the '148 Patent fails to meet definiteness
8 requirements or is invalid for any reason.

9     37.    In responding to paragraph 91 of Jerritt's Amended Counterclaims and all of
10 its subparts, NouHgt avers that the file wrapper/prosecution history of the '148 Patent
11 speaks for itself and denies any allegation inconsistent therewith. As to the remaining
12 allegations, NouHgt avers that these allegations call for legal conclusions to which no
13 response is required. To the extent a response is deemed necessary, NouHgt denies that there
14 was any relevant prior art that was improperly withheld from the U.S. Patent Office and
15 further denies that any relevant prior art which required disclosure was not disclosed.

16     38.    In responding to paragraph 92 of Jerritt's Counterclaims, NouHgt avers that
17 these allegations call for legal conclusions to which no response is required. To the extent a
18 response is deemed necessary, NouHgt denies that any of the Patent's claims is invalid for
19 any reason, including, without limitation, due to anticipation, obviousness, or indefiniteness.

20     39.    In responding to paragraph 93 of Jerritt's Counterclaims, NouHgt denies the
21 allegations therein.

## [JERRITT'S] THIRD COUNTERCLAIM

### DECLARATION THAT THE PATENT IS INVALID FOR PATENT MISUSE

24     40.    In responding to paragraph 94 of Jerritt's Amended Counterclaims, NouHgt
25 reasserts, realleges, and incorporates by this reference all prior responses as though fully set
26 forth herein.
27 / / /

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:17128-001 5184285_1 8/10/2023 2:08 PM

41. In responding to paragraphs 95–100 of Jerritt's Amended Counterclaims, NouHgt avers that this entire Third Counterclaim was dismissed with prejudice pursuant to the Court's Order [ECF No. 64], dated July 7, 2023, so no response is required. To the extent a response is deemed necessary, NouHgt denies all allegations contained within this dismissed Third Counterclaim.

## [JERRITT'S] FOURTH COUNTERCLAIM
## DECLARATION THAT NO ROYALTIES ARE OWED PURSUANT TO THE AMENDED LICENSE AGREEMENT

42. In responding to paragraph 101 of Jerritt's Amended Counterclaims, NouHgt reasserts, realleges, and incorporates by this reference all prior responses as though fully set forth herein.

43. In responding to paragraphs 102–104 of Jerritt's Amended Counterclaims, NouHgt avers that this entire Fourth Counterclaim was dismissed with prejudice pursuant to the Court's Order [ECF No. 64], dated July 7, 2023, so no response is required. To the extent a response is deemed necessary, NouHgt denies all allegations contained within this dismissed Fourth Counterclaim.

## AFFIRMATIVE DEFENSES

All possible affirmative defenses may or may not have been asserted herein insofar as sufficient facts were not available to NouHgt after reasonable inquiry upon the filing of this pleading and, therefore, NouHgt asserts the following defenses based in fact or upon reasonable belief and hereby reserves the right to amend this Answer to allege appropriate or additional defenses, if subsequent investigation or discovery so warrants.

## FIRST AFFIRMATIVE DEFENSE

Jerritt's claims regarding the invalidity, unenforceability, misuse, and non-infringement of the patent-in-suit, at least in part, fail to state a claim upon which relief can be granted because the claims are not substantiated with sufficient facts to render them plausible. Similarly, Jerritt's claims fail to give NouHgt fair notice of the claims being

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

asserted, since Jerritt references various provisions of patent law to allege numerous grounds for invalidity, yet Jerritt identifies none these allegations with specificity, nor does Jerritt provide sufficient facts on which to base such claims. Further, with respect to the allegations of unenforceability of the patent-in-suit, Jerritt has failed to comply with FRCP 9(b), as Jerritt has failed to plead with particularity any facts, let alone facts which could support any claim the patent holder acted fraudulently before the U.S. Patent and Trademark Office upon which a claim for unenforceability could be substantiated.

## SECOND AFFIRMATIVE DEFENSE

Jerritt's Amended Counterclaims are barred, in whole or in part, to the extent that the conduct, action, or inaction of Jerritt constitutes an estoppel, laches, consent, or waiver.

## THIRD AFFIRMATIVE DEFENSE

Jerritt is not entitled to equitable relief inasmuch as it has been guilty of inequitable conduct and has failed to come into this action with clean hands, by virtue of its infringing activities, as alleged in NouHgt's counterclaims, which are incorporated by reference, and consequently Jerritt is barred from reliance on and relief granted in equity by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Jerritt's Amended Counterclaims are barred, in whole or in part, because the Patent and all of its claims are valid, the Patent is enforceable, and the Patent is not being misused.

## FIFTH AFFIRMATIVE DEFENSE

Jerritt's Amended Counterclaims are barred, in whole or in part, because the Licensing Agreements at issue are valid and enforceable, and Jerritt has, through its actions, assented to and/or otherwise ratified the terms of the Licensing Agreements and acknowledged the validity and enforceability thereof.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Jerritt, by its acts, errors, omissions and conduct, is barred and estopped from any recovery in this action, in whole or in part, because Jerritt has

infringed and continues to infringe NouHgt's Patent whether through direct infringement, indirect infringement, or infringement through the doctrine of equivalents.

### SEVENTH AFFIRMATIVE DEFENSE

Jerritt is not entitled to attorneys' fees and costs.

### EIGHTH AFFIRMATIVE DEFENSE

Jerritt's claims are barred, in whole or in part, to the extent that the conduct of NouHgt toward the U.S. Patent and Trademark Office was reasonable, justified, equitable, lawful, and in good faith.

### NINTH AFFIRMATIVE DEFENSE

Jerritt's claims are barred, in whole or in part, to the extent that NouHgt at all times acted in good faith with reasonable and probable cause in procuring the Patent and entering into the Licensing Agreements at issue.

### TENTH AFFIRMATIVE DEFENSE

Jerritt's claims for attorneys' fees are barred, in whole or in part, to the extent that Jerritt has failed to allege an exceptional case as to support an award of attorneys' fees pursuant to 35 U.S.C. § 285.

### ELEVENTH AFFIRMATIVE DEFENSE

Jerritt's claims are barred, in whole or in part, to the extent that the acts of NouHgt did not interfere with Jerritt's contracts with third persons.

### TWELFTH AFFIRMATIVE DEFENSE

Jerritt's claims are barred, in whole or in part, to the extent that Jerritt failed to take reasonable action to mitigate its damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The relief sought by Jerritt is barred, in whole or in part, because at all times, NouHgt's conduct was lawful and privileged.

/ / /

/ / /

MAC:17128-001 5184285_1 8/10/2023 2:08 PM

### FOURTEENTH AFFIRMATIVE DEFENSE

The damages complained of in Jerritt's claims were not factually, legally and/or proximately caused by NouHgt's activities.

### FIFTEENTH AFFIRMATIVE DEFENSE

Jerritt's claims and any damages claimed by Jerritt are the result of the acts of third persons and not the acts of NouHgt.

### SIXTEENTH AFFIRMATIVE DEFENSE

Jerritt's claims fail to state a claim against NouHgt upon which relief can be granted for Patent Misuse.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Jerritt's claims are barred, in whole or in part, to the extent that there was no legal misuse of the Patent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

At all times material to Jerritt's claims, NouHgt's activities have been in full compliance with all applicable rules, regulations, codes, ordinances and/or statutes.

### NINETEENTH AFFIRMATIVE DEFENSE

Jerritt's claims are barred, in whole or in part, to the extent that NouHgt did not enter into an illegal or unlawful agreement to injure Jerritt.

### **NOUGHT'S COUNTERCLAIMS AGAINST JERRITT CANYON GOLD, LLC**

Pursuant to Fed. R. Civ. P. 10(c), NouHgt incorporates by this reference its previously asserted Counterclaims [ECF No. 21].

/ / /

/ / /

/ / /

/ / /

/ / /

MAC:17128-001 5184285_1 8/10/2023 2:08 PM

**PRAYER FOR RELIEF**

WHEREFORE, NouHgt prays for judgment as follows:

1. Judgment in its favor and against Jerritt and First Majestic on all of their respective causes of action, such that NouHgt recover damages in an amount to be proven at trial and that Jerritt take nothing by virtue of its Amended Counterclaims;

2. For a declaration that Jerritt has not and cannot meet its burden to demonstrate that any of the claims of the '148 Patent is invalid, and consequently, that the Asserted Patent is fully enforceable;

3. For an award of punitive damages against defendants in an amount to be proven at trial;

4. For an award of reasonable attorney fees;

5. For costs of suit;

6. For pre-judgment interest;

7. For post-judgment interest; and

8. For any further relief as the Court deems to be just and proper.

Dated this 10th day of August, 2023.

MARQUIS AURBACH

By  /s/ *Jared M. Moser*
   Cody S. Mounteer, Esq.
   Nevada Bar No. 11220
   Brian R. Hardy, Esq.
   Nevada Bar No. 10068
   Jared M. Moser, Esq.
   Nevada Bar No. 13003
   10001 Park Run Drive
   Las Vegas, Nevada 89145
   *Attorneys for Counterdefendant/Counter-claimant NouHgt Technologies, LLC*

MAC:17128-001 5184285_1 8/10/2023 2:08 PM

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **COUNTERDEFENDANT NOUHGT TECHNOLOGIES, LLC'S ANSWER TO JERRITT CANYON GOLD, LLC'S AMENDED COUNTERCLAIMS AND NOUHGT TECHNOLOGIES, LLC'S COUNTERCLAIMS AGAINST JERRITT CANYON GOLD, LLC** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 10th day of August, 2023.

☒    I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| David A. Carrroll, Esq.<br>Anthony J. DiRaimondo, Esq.<br>Robert E. Opdyke, Esq.<br>RICE REUTHER SULLIVAN & CARROLL, LLP<br>3800 Howard Hughes Parkway, Suite 1200<br>Las Vegas, NV 89169<br><br>*Attorneys for Defendant/ Counterclaimant/Counterdefendant Jerritt Canyon Gold LLC, and Counterdefendant First Majestic Silver Corp.* | Mark Hendricksen, Esq.<br>(*Pro Hac Vice*)<br>WELLS ST. JOHN P.S.<br>601 W. Main Avenue, Ste. 600<br>Spokane, WA 99201<br><br>Shamus T. O'Doherty, Esq.<br>(*Pro Hac Vice*)<br>RANDALL \| DANSKIN, P.S.<br>601 W. Riverside Ave., Suite 1500<br>Spokane, WA 99201<br><br>*Attorneys for Defendant/Counterclaimant/Counterdefendant Jerritt Canyon Gold LLC, and Counter-defendant First Majestic Silver Corp* |
| Laura K. Granier, Esq.<br>Robert C. Ryan, Esq.<br>Jessica L. Coberly, Esq.<br>HOLLAND & HART LLP<br>5441 Kietzke Lane, Suite 200<br>Reno, Nevada 89511<br><br>*Attorneys for Plaintiff/Counterdefendant Nevada Select Royalty, Inc.* | |

*/s/ Jessica Madsen*
An employee of Marquis Aurbach

MAC:17128-001 5184285_1 8/10/2023 2:08 PM