UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVADA SELECT ROYALTY, INC.,<br><br>       Plaintiff,<br><br> v.<br><br>JERRITT CANYON GOLD LLC,<br><br>       Defendant. | |
| JERRITT CANYON GOLD LLC,<br><br>       Counter-Claimant,<br><br> v.<br><br>NEVADA SELECT ROYALTY, INC., and NOUGHT TECHNOLOGIES, LLC,<br><br>       Counter-Defendants. | Case No. 3:22-cv-00415-LRH-CSD<br><br>ORDER |
| NOUGHT TECHNOLOGIES, LLC,<br><br>       Counter-Claimant,<br><br> v.<br><br>JERRITT CANYON GOLD LLC; DOE I through X, inclusive; ROE ENTITIES I through X, inclusive,<br><br>       Counter-Defendants. | |
| FIRST MAJESTIC SILVER CORP.,<br><br>       Counter-Claimant,<br><br> v.<br><br>NOUGHT TECHNOLOGIES, LLC,<br><br>       Counter-Defendant. | |

Before the Court is Plaintiff/Counter-Defendant Nevada Select Royalty, Inc.'s ("Nevada Select") motion to strike counterclaims that Defendant/Counter-Claimant/Counter-Defendant Jerritt Canyon Gold LLC ("Jerritt") re-alleged in its amended answer after they were dismissed with prejudice by the Court. ECF No. 66. The motion also includes a request for sanctions. *Id*. Jerritt opposed the motion and requested oral argument. ECF No. 69. Nevada Select replied to the opposition. ECF No. 70. Counter-Defendant/Counter-Claimant NouHgt Technologies, LLC ("NouHgt") joined Nevada Select's motion. ECF No. 67. The Court denies Jerritt's request for oral argument. For the reasons articulated below, the Court grants in part and denies in part Nevada Select's motion and sanctions request.

This matter involves a contractual dispute between Nevada Select and Jerritt over royalty payments owed to Nevada Select for Jerritt's alleged use of specific licensed patents (the "Patents"). *See generally* ECF No. 1-1. In its answer to Nevada Select's Complaint, Jerritt asserted counterclaims for declaratory relief seeking: (1) a declaration of patent non-infringement, (2) a declaration that the Patents are invalid and unenforceable, (3) a declaration that the Patents are invalid for patent misuse, and (4) a declaration that no royalties are owed pursuant to an Amended License Agreement. *Id*. at 12–15. Nevada Select filed a motion to dismiss Jerritt's second, third, and fourth counterclaims based on Federal Rule of Civil Procedure 12(b)(6). ECF No. 24 at 2. The Court dismissed Jerritt's second, third, and fourth counterclaims, dismissing the second with leave to amend and dismissing the third and fourth with prejudice. *Id*.

On July 27, 2023, Jerritt filed its amended answer and counterclaims. ECF No. 65. As part of the amended filing, Jerritt re-alleged its third and fourth counterclaims. ECF No. 65 at 21, 23. By re-alleging the dismissed with prejudice counterclaims, Nevada Select argues that it was frivolously required to respond to them a second time and forced to engage in additional motion practice. ECF No. 66 at 2. As a result, Nevada Select filed a motion to strike the re-alleged counterclaims in which it requests sanctions in the amount of the attorneys' fees it expended for the ensuing motion practice. *Id*.

In the motion, Nevada Select argues that the third and fourth re-alleged counterclaims should be stricken from the amended pleading for three reasons: first, re-alleging the counterclaims

is frivolous given the Court's previous order; second, re-alleging the counterclaims violates the law of the case doctrine; and third, re-alleging the counterclaims is not necessary to preserve appeal rights in the Ninth Circuit. *Id*. at 2–6. Nevada Select also requests (1) that the Court impose sanctions on Jerritt for its "bad faith" and (2) permission to file a separate motion justifying its request for sanctions should the Court decide to strike the counterclaims. *Id*. at 6, 7.

In response, Jerritt claims that it re-alleged the counterclaims to avoid waiving future rights regarding the claims and that it purposefully re-pled the counterclaims with specific reference to the Court's previous order. ECF No. 69 at 3, 4. Jerritt argues that re-alleging the counterclaims (1) is not frivolous, (2) does not violate the law of the case doctrine, and (3) is not prohibited in the Ninth Circuit. *Id*. at 7, 8. Moreover, Jerritt argues that sanctions are inappropriate because there is no basis for a finding of bad faith. *Id*. at 8, 9. Jerritt also requests leave to amend its third and fourth counterclaims from its amended answer should the Court determine the need to strike. *Id*. at 10.

In reply, Nevada Select argues that Jerritt not only re-alleges its third counterclaim but also amends it which makes its proffered "waiver of rights" argument demonstrably untrue. ECF No. 70 at 3. Nevada Select also argues that Jerritt's waiver of rights argument is invalid because the Court dismissed the counterclaims based on how Nevada Select drafted the Complaint, not because of any factual insufficiencies that, if resolved, could allow Jerritt the opportunity to exercise additional rights or revive the counterclaims. *Id*. at 4. And finally, regarding sanctions, Nevada Select argues that the combination of recklessness and frivolousness amounts to bad faith. *Id.* at 6.

District courts have inherent power to control their docket which necessarily includes the power to manage its own affairs through striking documents. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402 (9th Cir. 2010). Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or "on motion made by a party[.]" Fed. R. Civ. P. 12(f). Impertinent material, for purposes of a motion to strike, "consists of statements that do not pertain, and are not necessary, to the issues in question." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (citing and quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), reversed on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). "The function of a

12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone*, 618 F.3d at 973.

The Court finds that re-alleging the dismissed with prejudice counterclaims impertinent and, as such, orders them stricken from Jerritt's amended answer. In its previous order, the Court dismissed Jerritt's third and fourth counterclaims with prejudice due to deficiencies that stemmed in-whole or in-part from procedural barriers such as the way Nevada Select drafted its Complaint. *See* ECF No. 64 at 10–12. For example, the Court dismissed Jerritt's third counterclaim with prejudice because "[w]ithout a patent infringement claim from Nevada Select, Jerritt is not an 'accused infringer' to whom the defense of patent misuse is available." *Id*. at 10. Additionally, the Court dismissed Jerritt's fourth counterclaim with prejudice because it found the counterclaim to be a "mirror image of Nevada Select's complaint" amongst other things. *Id*. at 11, 12. In dismissing the counterclaims with prejudice, the Court essentially found that they were not and could not be "issues in question" because they did not pertain and were unnecessary given the content of Nevada Select's Complaint. In doing so, the Court found that the counterclaims were not viable then, nor could they become viable in the future based on procedural barriers specific to this litigation. Accordingly, the Court orders Jerritt's third and fourth counterclaims stricken from the amended answer. The Court notes that in no way does the striking of the counterclaims impact Jerritt's rights to appeal.

"When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either: (1) a willful violation of a court order; or (2) bad faith." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021) (citation omitted). A willful violation of a court order "does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Id*. Bad faith, on the other hand, includes "conduct done vexatiously, wantonly, or for oppressive reasons" and does require "proof of bad intent or improper purpose." *Id*. To impose sanctions based on bad faith, the court must "make an explicit finding that the sanctioned party's conduct constituted or was tantamount to bad faith." *Id*. (quotations and citations omitted). Conduct during litigation may support a finding of bad faith. *Id*

The Court finds that Jerritt has not committed a willful violation of a previous Court order, nor has it acted in bad faith. While the act of re-alleging the counterclaims was technically deliberate, Jerritt specifically referred to the fact that each counterclaim was dismissed with prejudice in the Court's previous order. Such acknowledgment cannot support the inference that Jerritt willfully ignored or violated the Court's prior rulings. The Court also finds that Jerritt did not act in bad faith here. As soon as Jerritt learned of Nevada Select's motion to strike, it proactively reached out and contacted Nevada Select in an attempt to resolve the issue without further motion practice or Court intervention. Although these attempts were ultimately rejected by Nevada Select, Jerritt quickly working to find a resolution undermines the argument that it re-alleged the counterclaims vexatiously, wantonly, or for oppressive reasons. Taken as a whole, the Court will not construe Jerritt's conduct as bad faith.

Accordingly, the Court finds no basis on which sanctions could be imposed upon Jerrit in this matter. Furthermore, the Court denies Nevada Select's conditional request for further motion practice regarding sanctions. The Court also denies Jerritt's conditional request to amend its third and fourth counterclaims.

IT IS THEREFORE ORDERED that Nevada Select's motion to strike and request for sanctions (ECF No. 66) is **GRANTED in part** and **DENIED in part** in accordance with this Order. Jerritt's third and fourth counterclaims are ordered stricken from its amended answer to the complaint and counterclaims (ECF No. 65). The Court will not impose sanctions on Jerritt pertaining to the issue presently before the Court.

IT IS SO ORDERED.

DATED this 16th day of October, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE