UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVADA SELECT ROYALTY, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>JERRITT CANYON GOLD LLC,<br><br>                Defendant. | |
| JERRITT CANYON GOLD LLC,<br><br>                Counter-Claimant,<br><br>v.<br><br>NEVADA SELECT ROYALTY, INC., and NOUHGT TECHNOLOGIES, LLC,<br><br>                Counter-Defendants. | |
| NOUHGT TECHNOLOGIES, LLC,<br><br>                Counter-Claimant,<br><br>v.<br><br>JERRITT CANYON GOLD LLC; FIRST MAJESTIC SILVER CORP., a Canadian corporation; DOE I through X, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>                Counter-Defendants. | Case No. 3:22-cv-00415-LRH-CSD<br><br>ORDER |
| FIRST MAJESTIC SILVER CORP.,<br><br>                Counter-Claimant,<br><br>v.<br><br>NOUHGT TECHNOLOGIES, LLC,<br><br>                Counter-Defendant. | |

Before the Court are various motions and one request. Defendant/Counter-Claimant/Counter-Defendant Jerritt Canyon Gold LLC ("Jerritt"), Counter-Defendant/Counter-Claimant NouHgt Technologies, LLC ("NouHgt"), and Counter-Claimant/Counter-Defendant First Majestic Silver Corp. ("First Majestic") filed a joint motion for an order of noninfringement and partial dismissal of the patent-related counterclaims between the three parties. ECF No. 82. Jerritt, NouHgt, and First Majestic concurrently filed a joint motion to shorten time re: joint motion for an order of noninfringement and partial dismissal (ECF No. 83) due to an approaching claim construction briefing deadline. Plaintiff/Counter-Defendant Nevada Select Royalty, Inc. ("Nevada Select") filed a response in opposition to the joint motion to shorten time (ECF No. 85) and NouHgt replied (ECF No. 86). Nevada Select then filed a request for leave to file a sur-reply (ECF No. 87) which the Court grants *nunc pro tunc*.

The background of this case is relevant to the disposition of the pending motions. In August of 2022, Nevada Select filed a Complaint against Jerritt for contractual breach after Jerritt ceased making royalty payments to Nevada Select for using specific patented processes (the "Patents") at its mine which Nevada Select licensed to Jerritt. *See* ECF No. 1-1. The Patents specifically include United States Patent No. 8,877,148 (the "'148 Patent"). *See id.*; *see also* ECF No. 82 at 2. In September of 2022, Jerritt answered the Complaint and alleged the following declaratory counterclaims against Nevada Select and NouHgt: (1) a declaration of patent non-infringement, (2) a declaration that the Patents are invalid and unenforceable, (3) a declaration that the Patents are invalid for patent misuse, and (4) a declaration that no royalties are owed. *See* ECF No. 1-2 at 11–15.

In November of 2022, Nevada Select and NouHgt answered Jerritt's counterclaims. ECF Nos. 21, 23. In its answer, NouHgt asserted patent-related counterclaims against Jerritt and First Majestic including: (1) direct patent infringement, (2) contributory patent infringement, (3) vicarious patent infringement, and (4) intentional interference with contractual relations. ECF No. 21 at 17–20. Later that month, Nevada Select filed a motion to dismiss Jerritt's second, third, and fourth counterclaims. ECF No. 24. In July of 2023, the Court granted Nevada Select's motion

to dismiss. ECF No. 64. Specifically, the Court granted Jerritt leave to amend its second counterclaim and dismissed with prejudice its third and fourth counterclaims. *Id*.

On September 1, 2023, NouHgt, Jerritt, and First Majestic filed their joint claim construction and prehearing statement pursuant to Local Patent Rule 1-15. ECF No. 72. On September 22, 2023, NouHgt filed its opening claim construction brief pursuant to LPR 1-16. ECF No. 74. On September 29, 2023, United States Magistrate Judge Craig S. Denney granted the parties' sixth request to modify the stipulated joint discovery plan and scheduling order and, in doing so, extended Jerritt and First Majestic's filing deadline for its response to NouHgt's opening claim construction brief to November 13, 2023. ECF No. 76 at 5. Magistrate Judge Denney also extended subsequent claim construction briefing deadlines. *Id*.

On October 31, 2023, NouHgt, Jerritt, and First Majestic filed a joint motion for an order of noninfringement and partial dismissal of their patent-related counterclaims. ECF No. 82. Specifically, the three parties jointly requested that the Court enter an order finding noninfringement of the '148 Patent, dismiss the patent infringement claims between them with prejudice, and dismiss the patent invalidity claims between them without prejudice. *Id*. at 2. The three parties claim that such an order would effectively dismiss NouHgt and First Majestic from the litigation and not affect the claims pending between Nevada Select and Jerritt. *Id*. at 3.

That same day, NouHgt, Jerritt, and First Majestic filed a joint motion to shorten time re: their joint motion for an order of noninfringement and partial dismissal because of Jerritt and First Majestic's pending November 13, 2023, responsive claim construction briefing deadline. ECF No. 83. In this joint motion, the three parties argue that if the joint motion for an order of noninfringement and partial dismissal is decided in the ordinary course, they would have to complete their respective claim construction brief by the deadline which defeats the purpose of their patent-related counterclaims settlement and partial dismissal. *Id*. at 3.

On November 1, 2023, Nevada Select filed a response in opposition to NouHgt, Jerritt, First Majestic's joint motion to shorten time. ECF No. 85. Nevada Select argues that, until the joint motion for an order of noninfringement and partial dismissal was filed, it was unaware that a settlement had been finalized between the three parties *Id*. at 2. As a result, Nevada Select claims

that it has not had, nor will it have, sufficient time to review the settlement and dismissal motion for potential impacts on its claims against Jerritt. *Id*.

In reply, NouHgt argues that neither of the joint motions should surprise Nevada Select because "no less than three attorneys for [Nevada] Select have been aware of the settlement terms between [NouHgt, Jerritt, and First Majestic] since September 29 at the latest, i.e., for more than one month." ECF No. 86 at 4. NouHgt also claims that Nevada Select's opposition response contains "demonstrably false" statements and "blatant misrepresentations." *Id*. at 3. With the Court's permission, Nevada Select then filed a sur-reply in which it argues that, while it was aware of proposed settlement terms, no party ever advised or informed Nevada Select that the settlement terms had been finalized. ECF No. 87-1 at 2. Nevada Select also argues that NouHgt and Jerritt's counsel have not, in fact, shown that the settlement terms will not impact the claims it brought against Jerritt. *Id*. at 4.

After careful consideration of the joint motions, briefings, requests, deadlines, and the interplay between them, the Court vacates the November 13, 2023, deadline for Jerritt and First Majestic to file a response to NouHgt's opening claim construction brief. Vacating this deadline permits Nevada Select sufficient time to review the joint motion for an order of noninfringement and partial dismissal for any conflict with and impact on its pending contractual claims against Jerritt. In vacating that specific deadline, the Court notes that the remaining claim construction briefing deadlines, as set forth in the parties' stipulated joint discovery plan and schedule (ECF No. 76), are likely to be affected. Therefore, the Court vacates all remaining claim construction briefing deadlines.[1] These deadlines will be reset only if needed after the joint motion for an order of noninfringement and partial dismissal is resolved. The joint motion for an order of noninfringement and partial dismissal will be briefed in the ordinary course. All responsive briefing deadlines for that motion remain as set forth in Local Rule 7-2. *See* LR 7-2(b) ("[f]or all

---

[1] The Court's Order impacts the remaining claim construction briefing deadlines as set forth in the parties' stipulated joint discovery plan and schedule: (1) Response to Claim Construction Brief, (2) Reply Claim Construction Brief and Matter Submitted to the Court for Hearing, and (3) Claim Construction Tutorials, Hearing, and Order from the Court. ECF No. 76 at 5. All other deadlines set forth in the parties' stipulated joint discovery plan and schedule remain set and are unaffected by this Order.

4

other motions, the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion. The deadline to file and serve any reply in support of the motion is seven days after service of the response").

Accordingly, the Court denies as moot NouHgt, Jerritt, First Majestic's joint motion to shorten time re: joint motion for an order of noninfringement and partial dismissal. ECF No. 83.

IT IS THEREFORE ORDERED that Nevada Select's request for leave to file a sur-reply (ECF No. 87) is **GRANTED** *nunc pro tunc*.

IT IS FURTHER ORDERED that that all remaining claim construction brief deadlines, as set forth in the parties' stipulated joint discovery plan and schedule [ECF No. 76], are **VACATED**. These deadlines will be rescheduled if needed pending the resolution of Jerritt, NouHgt, and First Majestic's joint motion for an order of noninfringement and partial dismissal [ECF No. 82] which will be decided in the ordinary course.

IT IS FURTHER ORDERED that Jerritt, NouHgt, and First Majestic's joint motion to shorten time re: joint motion for an order of noninfringement and partial dismissal (ECF No. 83) is **DENIED as moot**.

IT IS SO ORDERED.

DATED this 9th day of November, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE