UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEVADA SELECT ROYALTY, INC.,<br><br>                                     Plaintiff,<br><br>v.<br><br>JERRITT CANYON GOLD LLC,<br><br>                                     Defendant. | |
| JERRITT CANYON GOLD LLC,<br><br>                                     Counter-Claimant,<br><br>v.<br><br>NEVADA SELECT ROYALTY, INC., and NOUHGT TECHNOLOGIES, LLC,<br><br>                                     Counter-Defendants. | Case No. 3:22-cv-00415-LRH-CSD<br><br>ORDER |
| NOUHGT TECHNOLOGIES, LLC,<br><br>                                     Counter-Claimant,<br><br>v.<br><br>JERRITT CANYON GOLD LLC; FIRST MAJESTIC SILVER CORP., a Canadian corporation; DOE I through X, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>                                     Counter-Defendants. | |
| FIRST MAJESTIC SILVER CORP.,<br><br>                                     Counter-Claimant,<br><br>v.<br><br>NOUHGT TECHNOLOGIES, LLC,<br><br>                                     Counter-Defendant. | |

1   Before the Court is Defendant/Counter-Claimant/Counter-Defendant Jerritt Canyon Gold LLC ("Jerritt"), Counter-Defendant/Counter-Claimant First Majestic Silver Corp. ("First Majestic"), and Counter-Claimant/Counter-Defendant NouHgt Technologies, LLC's ("NouHgt") joint motion and memorandum for an order of noninfringement and partial dismissal of the patent-related counterclaims between the three parties (the "Joint Motion"). ECF No. 82. Plaintiff/Counter-Defendant Nevada Select Royalty, Inc. ("Nevada Select") filed a response to the Joint Motion (ECF No. 90) after which NouHgt filed a notice of non-opposition (ECF No. 91). Jerritt and First Majestic subsequently filed a reply to Nevada Select's response. ECF No. 92. For the reasons articulated herein, the Court grants the Joint Motion.

A brief background of this case is instructive. In August of 2022, Nevada Select filed its Complaint against Jerritt for breach of contract and of the covenant of good faith and fair dealing after Jerritt ceased making royalty payments to Nevada Select for using patented processes (the "Patents") at its mine which were licensed to Jerritt by Nevada Select. *See* ECF No. 1-1. The Patents specifically include United States Patent No. 8,877,148 (the "'148 Patent"). *See id.*; *see also* ECF No. 82 at 2. In September of 2022, Jerritt answered the Complaint and alleged the following declaratory counterclaims against Nevada Select and NouHgt: (1) a declaration of patent non-infringement, (2) a declaration that the Patents are invalid and unenforceable, (3) a declaration that the Patents are invalid for patent misuse, and (4) a declaration that no royalties are owed. *See* ECF No. 1-2 at 11–15.

In November of 2022, Nevada Select and NouHgt answered Jerritt's counterclaims. ECF Nos. 21, 23. In its answer, NouHgt asserted patent-related counterclaims against Jerritt and First Majestic including: (1) direct patent infringement, (2) contributory patent infringement, (3) vicarious patent infringement, and (4) intentional interference with contractual relations. ECF No. 21 at 17–20. Later that month, Nevada Select filed a motion to dismiss Jerritt's second, third, and fourth counterclaims. ECF No. 24. In July of 2023, the Court granted Nevada Select's motion to dismiss, granting Jerritt leave to amend its second counterclaim and dismissing with prejudice Jerritt's third and fourth counterclaims. ECF No. 64.

///

On October 31, 2023, Jerritt, First Majestic, and NouHgt filed their Joint Motion in which they seek resolution of the patent-related claims between them. *See generally* ECF No. 82. Specifically, the three parties request that the Court enter an order finding noninfringement of the '148 Patent, dismiss the patent infringement claims between them with prejudice, and dismiss the patent invalidity claims between them without prejudice. ECF No. 82 at 2. In their Joint Motion, the three parties represent that such an order would effectively dismiss NouHgt and First Majestic from this litigation but not affect the claims pending between Nevada Select and Jerritt. *Id*. at 3. Jerritt, First Majestic, and NouHgt subsequently filed a proposed order of noninfringement and partial dismissal reflecting the granting of the requests made in their Joint Motion. ECF No. 84.

On November 14, 2023, Nevada Select filed a response to the Joint Motion. ECF No. 90. After providing a very brief procedural background, Nevada Select gives its responsive position:

> If Jerritt, First Majestic and NouHgt will represent that their proposed order will have no impact on any rights of Nevada Select with respect to the remaining claims and will not be used in any manner with respect to the remaining claims, then Nevada Select does not raise objections to the proposal. In order to ensure that is the case, Nevada Select respectfully requests that in order for the Court to accept the proposed order, Jerritt, First Majestic and NouHgt make certifications to the court that their proposed order of partial dismissal will have no impact on any rights of Nevada Select with respect to the remaining claims.

*Id*. at 2. The following day, NouHgt filed a notice of non-opposition to the Joint Motion pursuant to Local Rule II 7-2(d), advising the Court that Nevada Select's response "contained no points and authorities in opposition, only seeking a 'certification' without legal authority or facts in support of that request." ECF No. 91 at 2. In sum, NouHgt requested that the Court construe Nevada Select's response as an admission of the Joint Motion's merit and as consent to granting it. *Id*. That same day, Jerritt and First Majestic replied to Nevada Select's response essentially reiterating NouHgt's argument that Nevada Select failed to cite facts and law in opposition of the Joint Motion and, as such, the Joint Motion should be granted as unopposed per LR II 7-2(d). ECF No 92 at 2.

After careful consideration of the Joint Motion, related briefings, and current claims between all parties to this litigation, the Court grants the Joint Motion as unopposed per LR II 7- 2(d). Under LR II 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's

fees, constitutes a consent to the granting of the motion." LR II 7-2(d). Nevada Select's response fails to provide any points and authorities, any factual opposition, and any legal authority for opposing the Joint Motion as well as its request that, before granting the motion, the Court require Jerritt, First Majestic, and NouHgt "to make certifications to the [C]ourt that their proposed order or partial dismissal will have no impact on any rights of Nevada Select with respect to the remaining claims." ECF No. 90 at 2. While the Court understands Nevada Select's concern, it cannot overlook the lack of points and authorities, facts, or legal support for its request. Here, the Court must interpret Nevada Select's lack of response as consent to the granting of the Joint Motion. Accordingly, the Court grants the Joint Motion as unopposed pursuant to LR II 7-2(d).

IT IS THEREFORE ORDERED that Jerritt, First Majestic, and NouHgt's joint motion and memorandum for an order of noninfringement and partial dismissal (ECF No. 82) is **GRANTED** as outlined in the proposed order of noninfringement and partial dismissal (ECF No. 84). The Joint Motion (ECF No. 82) is granted as follows:

- Jerritt, First Majestic or others have not infringed on the '148 Patent from January of 2022 through April of 2023 by the operations of the Jerritt Canyon processing facility, either literally or under the doctrine of equivalents;
- NouHgt's patent infringement allegations are dismissed with prejudice;
- Jerritt and First Majestic's claims that the '148 Patent is invalid are dismissed without prejudice;
- NouHgt and First Majestic are hereby dismissed from this litigation; and
- Jerritt, First Majestic, and NouHgt shall bear their own respective costs and attorney's fees.

IT IS SO ORDERED.

DATED this 4th day of January, 2024.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE